## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, f/k/a Masha Allen, the Victim in the "Disney World Girl" or "Internet Girl" Child Pornography Series, ) ) ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | NO. _____ |
| ) | |
| v. ) | **CLASS ACTION** |
| ) | |
| ALAN HESKETH, RICHARD CARINO, ) GEORGE ELIOT KABACY, MATTHEW ) ALAN MANCUSO, DAN W. JOACHIM, ) RANIER GEROW, DOUGLAS MICHAEL ) STUM, RICHARD SCHEIRING, ) CHARLES LINDAUER, JOSEPH ) MARCUS, WILLIAM GEORGE ) GAMMON, STEPHEN JABBOUR, ) ALBERT NOAH ABRAMS, and MAYER ) FINKELSTEIN, sued in their individual ) capacities and as representatives of a class of ) persons similarly situated, ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Plaintiff brings this action under 18 U.S.C. § 2255, a section of the 2006

Adam Walsh Child Protection and Safety Act known as "Masha's Law."  Named

after Plaintiff herself, and enacted in part as a result of her courageous advocacy

before Congress, this statute provides a private right of action and a minimum

statutory damages amount for persons injured by criminal violations of federal

child pornography statutes.

Plaintiff is a victim of the child pornography trade.  Beginning at the age of five, Plaintiff's then-adoptive father, Class Representative Defendant Michael Mancuso, repeatedly raped and sexually abused her on camera over a period of more than five years, creating a set of brutal and graphic images that he then distributed and traded with others via the Internet.  Those images still circulate today.  In fact, the images of Plaintiff – known to law enforcement, and to users and purveyors of child pornography, as "Internet Girl," "Disney World Girl" or "Angeli" – are among the most widely distributed illegal images of child sexual abuse known to law enforcement.  Every time the United States files federal criminal charges against someone for illegally possessing images of Plaintiff, the Department of Justice sends Plaintiff a notice identifying the perpetrator.  To date, Plaintiff has received well over two thousand such notices.

The Defendants in this action are sued in their individual capacities and as representatives of a class of persons similarly situated.  Each of them has pleaded guilty or otherwise been convicted of receiving and/or distributing child pornography, including illegal images of Plaintiff, in violation of the federal criminal statutes that trigger a right to recovery under Masha's Law.  Federal officials have identified each of the Defendants, and each member of the class they represent, as persons known to have possessed and/or distributed unlawful images of Plaintiff being sexually abused as a child.

Defendants conspired with each other, and with members of the class, to share and distribute these and other illegal child-abuse images, largely by means of the so-called "darknet," a collection of secure websites, online chatrooms, bulletin-board sites, and peer-to-peer file-sharing computer networks that communicate via the Internet but are specifically designed to conceal the participants' personal identifying information.  Because the images are illegal, there is no way to obtain copies of them except by seeking out, and becoming trusted by, someone who illegally possesses them.  Defendants operated under an agreement to protect each other's anonymity, communicating with each other remotely under fictitious usernames.  Each Defendant also took affirmative, intentional action to obtain or distribute illegal images, including images of Plaintiff, from or to other members of the conspiracy.  In effect, Defendants collectively participated in and helped to maintain a black market that incentivized and facilitated the copying, trading, and distribution of illegal images of child sexual abuse, including images of Plaintiff, all in violation of the statutes for which Masha's Law creates a private right of action.

The damages Plaintiff has suffered from Defendants' wrongful acts are difficult to fathom, let alone to measure.  As a result of Defendants' collective criminal conduct, the approximately two hundred original images of Plaintiff have now multiplied exponentially into millions of copies distributed worldwide.

3

Scarred by years of brutal exploitation, she now must also bear the humiliating knowledge that untold numbers of men, such as Defendants, continue to take sadistic pleasure in viewing and distributing graphic visual depictions of her pain and degradation.  As a punitive deterrent to such crimes, and in recognition of both the magnitude of the damages resulting to the victim and the difficulty of precisely calculating the amount of such damages, Congress has provided that a plaintiff who establishes a claim under Masha's Law shall recover a minimum of $150,000.00 in damages from each defendant.  *See* 18 U.S.C. § 2255.  Plaintiff seeks at least this minimum amount from each member of the class.

## FACTUAL ALLEGATIONS

### The Parties

1.

Plaintiff Jane Doe is a resident of the Commonwealth of Pennsylvania.  At the time of filing of this Complaint, Plaintiff is twenty years old.

2.

When she was five years old, Plaintiff was adopted from Russia by Class Representative Defendant **Matthew Alan Mancuso**.  Mancuso adopted Plaintiff for the purpose of sexually abusing her and using her to create child pornography.  Over the next five years, Mancuso created hundreds of photographs and videos depicting his sexual abuse of Plaintiff, which he distributed and traded with others

for illegal images of other children being sexually abused and exploited.

3.

This action is brought against the named Class Representative Defendants and a class of others similarly situated. Federal authorities have notified Plaintiff specifically that each of the Defendants, whether named or sued solely as a class member, received and/or distributed copies of one or more of the illegal sexual abuse images that Mancuso created of her. Each of the Defendants, whether named or sued solely as a class member, has pleaded guilty or otherwise been convicted of a federal criminal offense involving the receipt and/or distribution of illegal images of child sexual abuse, including images of Plaintiff.

**The Lawsuit**

4.

This is a suit for damages, arising out of personal injury caused to Plaintiff by Defendants' criminal violations of federal child pornography statutes, including but not limited to 18 U.S.C. §§ 2252, 2252A, and 2256.

5.

Plaintiff brings claims under 18 U.S.C. § 2255. Among other things, that statute gives the victims of child pornography a federal private right of action against those who receive and/or distribute the illegal images of their abuse.

6.

5

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. 2255(a) and 28 U.S.C. § 1331.

7.

This Court has personal jurisdiction over the Class Representative Defendants. An action under 18 U.S.C. § 2255 may be brought in "any appropriate United States District Court." In addition, pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Pennsylvania long-arm statute, this Court may assert personal jurisdiction to the full limit allowed by the federal Due Process Clause. Each of the Class Representative Defendants is subject to such jurisdiction because each of them wrongfully and knowingly received in the stream of commerce one or more illegal images of child sexual abuse that were created in, and originally disseminated from, Pennsylvania. Because there is practically no other way to receive such images, all of the Defendants – including Mancuso and numerous other Pennsylvania residents – participated in a broad conspiracy to create and secretly trade illegal images of child sexual abuse by means of the Internet. By taking acts in furtherance of that conspiracy, each of the Class Representative Defendants knowingly committed an intentional tort against a resident of Pennsylvania, namely Plaintiff, causing significant harm in the forum state.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events at issue occurred in this district.

**The Underlying Facts**

9.

Prurient visual depictions of child sexual abuse, commonly referred to as child pornography, are traded on a black market constructed and maintained by those who create, distribute, use and collect such images. The market operates by means of online chat programs, bulletin-board sites, websites, and file-sharing groups devoted to such images.

10.

These illegal online marketplaces are largely user-maintained and are strictly regulated by a code of secrecy and mutual protection. To prevent infiltration by law enforcement, the groups typically require that a would-be user prove himself by uploading and sharing images of child sexual abuse, to avoid the prospect of law enforcement officials infiltrating and defeating the collective sharing of illegal images. This creates an incentive for users and collectors to become creators and distributors of child pornography.

11.

Defendant Mancuso adopted Plaintiff for the purpose of sexually abusing

her and using her to create child pornography, both for his own use and for dissemination. Over the next five years, Mancuso created hundreds of photographs and videos depicting his sexual abuse of Plaintiff.

12.

Most of Mancuso's abuse took place at his home in the Commonwealth of Pennsylvania, but some images were created in Florida on annual trips to Disney World. Those graphic images of abuse were organized into a series that became widely distributed among pedophiles and caused Plaintiff to become known to Defendants and other child pornography consumers as "Disney World Girl."

13.

Mancuso participated in secret online chatrooms and other marketplaces to distribute approximately two hundred of the images he created of Plaintiff, trading those images for pictures and videos of other children being sexually abused and exploited.

14.

Other users of those chatrooms and online marketplaces, including some of the Defendants, viewed or downloaded the images of Plaintiff from Mancuso. Their act of downloading the digital files resulted in the creation of multiple copies, which many of the Defendants then distributed again, repeating the process. In fact, the images that Mancuso created were so widely distributed in the

early days of the Internet that Plaintiff – or the portrayal of Plaintiff created by

Mancuso – became known simply as "Internet Girl" or "Internet Porn Girl."  The

number of copies of these images in circulation today is estimated in the millions.

15.

The United States Department of Justice ("DOJ") has identified each of the

Defendants in this action as having received, possessed, and/or distributed one or

more of the illicit images that Mancuso created of Plaintiff, and has prosecuted

each of them to a conviction for one or more of the predicate criminal offenses

underlying Masha's Law.

16.

Through forensic analysis of the images confiscated from Defendants, DOJ

has identified Plaintiff as a victim of Defendants' criminal conduct.  As a result,

Plaintiff has received a notification through DOJ's Victim Notification System

identifying each of the Defendants **by name** as a person who illegally possessed

and/or distributed one or more of the images Mancuso created of her childhood

sexual abuse.  To date, Plaintiff has received well over two thousand such

notifications.

17.

Plaintiff suffered and continues to suffer significant injury, including mental

and emotional anguish and fear for her personal safety, because of the acts of the

Class Representative Defendants and the class members in soliciting, viewing, copying, and distributing the images that document her humiliation and abuse. The effects of Defendants' conduct go far beyond the abuse itself, or even the knowledge – painful as it is – that thousands of people have been **convicted** of illegally possessing those images. At least as sinister and disturbing to Plaintiff is the knowledge that the vast majority of the participants in such illegal distribution networks are **not** caught. Defendants' profound violation of her privacy means that every stranger's glance, held too long, is a source of humiliation and pain. On any given day, the man standing behind Plaintiff in line at the grocery store could be someone who has masturbated to images of her being bound and raped as a child. She must live with this knowledge solely because Defendants, and men like them who have not yet been brought to justice, decided to create millions of copies of Mancuso's images and trade them online for their perverted enjoyment.

## CLASS ALLEGATIONS

### Class Representative Defendants

18.

Class Representative Defendant **Alan Hesketh** pleaded guilty to and was convicted of receiving and distributing child pornography in violation of 18 U.S.C. §§2252A(a)(2)(A) and was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 78 months.

19.

As part of the conduct of his offense, **Hesketh** communicated with other possessors and distributors of child pornography by means of the Internet.  He traded images with them – including images of Plaintiff – and chatted online with them about child sexual abuse, concealing his identity under a screen name and dealing with others anonymously under similar pseudonyms.

20.

**Hesketh**'s last known address prior to his incarceration was in Stonington, Connecticut.  His current address, at which he may be served with process, is:

> Alan Hesketh
> BOP Register No. 17643-014
> CI Moshannon Valley
> 555 Geo Drive
> Philipsburg, PA 16866

21.

Class Representative Defendant **Richard Carino** is a convicted felon.  A jury of his peers convicted him of six counts of possession and receipt of child pornography, and the United States District Court for the Middle District of Florida sentenced him to 405 months' imprisonment and a life term of supervised release.  Carino's own sister, whom he had sexually abused during her childhood, testified against him at sentencing.

22.

As part of the conduct of his offense, **Carino** communicated with other possessors and distributors of child pornography by means of the Internet.  He used email accounts and peer-to-peer file-sharing networks to trade child sexual abuse images – including images of Plaintiff – with other consumers and purveyors of such images, operating under fictitious screen names.

23.

**Carino**'s last known address prior to his incarceration was in Port St. Lucie, Florida.  His current address, at which he may be served with process, is:

> Richard Carino
> BOP Register No. 48695-018
> FCI Coleman Medium
> Federal Correctional Institution
> 846 NE 54TH Terrace
> Sumterville, FL 33521

24.

Class Representative Defendant **George Eliot Kabacy** is a convicted felon. He pleaded guilty to Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 78 months.

25.

As part of the conduct of his offense, **Kabacy** communicated with other possessors and distributors of child pornography by means of the Internet.  He used

12

fictitious screen names to advertise, distribute, and receive illegal images from

others, using peer-to-peer networks and online chatrooms.  By these means,

**Kabacy** collected more than 16,000 unique illegal images, as well as over 1,000

digital video files, stored on a home computer and over 35 compact discs.  A

significant number of these images portrayed the rape and sexual abuse of young

children, including Plaintiff.

26.

**Kabacy**'s last known address prior to his incarceration was in Olympia,

Washington.  His current address, at which he may be served with process, is:

> George Eliot Kabacy
> BOP Register No. 37034-086
> FCI Seagoville
> 2113 North Hwy. 175
> Seagoville, TX 75159

27.

Class Representative Defendant **Matthew Alan Mancuso** is a convicted

felon.  In 2003, he pleaded guilty in federal court to possession and distribution of

child pornography and was sentenced to 15 years in federal prison.

28.

As part of the conduct of his offense, **Mancuso** communicated with other

possessors and distributors of child pornography by means of the Internet.  He used

fictitious screen names to advertise, distribute, and receive illegal images,

13

including images of Plaintiff, using websites, peer-to-peer networks, and online chatrooms. **Mancuso** was caught when an undercover Illinois police officer communicated with him in an online chatroom and then identified him by tracing his computer's Internet Protocol (IP) address.

29.

**Mancuso**'s last known address prior to his incarceration was in Plum, Pennsylvania. His current address, at which he may be served with process, is:

> Matthew Alan Mancuso
> BOP Register No. 07823-068
> FMC Devens
> 42 Patton Road
> Ayer, MA 01432

30.

Class Representative Plaintiff **Dan W. Joachim** is a convicted felon. In 2012, he pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).

31.

As part of the conduct of his offense, **Joachim** communicated with other possessors and distributors of child pornography by means of the Internet. He used fictitious screen names to advertise, distribute, and receive illegal images, including images of Plaintiff, by means of websites, chatrooms, and other modes of online communication. Some of the images that **Joachim** received and possessed

14

depicted actual victims as young as six to eight months of age being sexually abused by adult men.

32.

**Joachim**'s last known address before his incarceration was in Metairie, Louisiana. His current address, at which he may be served with process, is:

> Dan W. Joachim
> BOP Register No. 31662-034
> FCI Beaumont Low
> 5560 Knauth Road
> Beaumont, TX 77705

33.

Class Representative Defendant **Ranier Gerow** is a convicted felon. In 2007, he pleaded guilty to the use of the Internet to distribute images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(2)(b), and was sentenced to 20 years in federal prison.

34.

As part of the conduct of his offense, **Gerow** communicated with other possessors and distributors of child pornography by means of the Internet. He used fictitious screen names to advertise, distribute, and receive illegal images, including images of Plaintiff, by means of websites, chatrooms, and other modes of online communication. **Gerow** was caught after he distributed child pornography over the Internet to an Immigration and Customs Enforcement agent posing as a

13-year-old girl.  Agents searching his home and computers found over 750 images and videos of child pornography.

35.

**Gerow**'s last known address prior to his incarceration was in Hamburg, New York.  His current address, at which he may be served with process, is:

> Ranier Gerow
> BOP Register No. 15040-055
> FCI Allenwood Medium
> RT 15
> White Deer, PA 17810

36.

Class Representative **Douglas Michael Stum** is a convicted felon.  In 2007, he pleaded guilty to Possession of Material Involving the Exploitation of a Minor in violation of 18 U.S.C. § 2252(a)(4)(B) and was sentenced to ten years in federal prison.

37.

As part of the conduct of his offense, **Stum** communicated with others via the Internet, under fictitious screen names, to solicit, receive, and trade well over one thousand visual depictions of children (including Plaintiff) being subjected to rape, sadism, and bestiality, and otherwise being sexually abused and exploited.

38.

**Stum**'s last known address prior to his incarceration was in Austin, Texas.

16

His current address, at which he may be served with process, is:

> Douglas Michael Stum
> BOP Register No. 83181-180
> FCI Yazoo City Low
> 2225 Haley Barbour Parkway
> Yazoo City, MS 39194

### 39.

Class Representative Defendant **Robert Scheiring** is a convicted felon.  In 2010, he pleaded guilty to one count of Distribution of Materials Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and one count of Possession of Materials Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2). He was sentenced to a total of 14 years in prison.

### 40.

As part of the conduct of his offense, **Scheiring** was a "trusted member" on a secure Internet bulletin-board site dedicated to the distribution of child pornography, making approximately 500 postings under the screen name "Deelite."  Law enforcement discovered roughly 300,000 unique still pictures and about 1200 unique videos in his collection of child pornography, including images of Plaintiff.  He also admitted that he was a prolific distributor of child pornography and had sent hundreds of illegal images to other users via approximately a dozen secure web groups.

41.

**Scheiring**'s last known address prior to his incarceration was in Fargo,

North Dakota.  His current address, at which he may be served with process, is:

> Robert Scheiring
> BOP Register No. 10279-059
> FCI Fort Dix
> 5756 Hartford & Pointvile Rd.
> Fort Dix, NJ 08640

42.

Class Representative Defendant **Charles Lindauer** is a convicted felon.  He

pleaded guilty in 2010 to one count of Transporting Child Pornography, in

violation of 18 U.S.C. §§ 2252A(a)(1) and 22525A(b)(1), and one count of

Possession of Child Pornography in violation of 18 U.S.C. §§ 2252a(a)(5)(B) and

2252A(b)(2).  He was sentenced in 2011 to be imprisoned for nine years.

43.

As part of the conduct of his offense, **Lindauer** used a particular type of

peer-to-peer file-sharing software that is commonly used by child pornographers to

conceal their identifying information when interacting with one another and

trading illegal images.  Operating under the fictitious screen name "ForVicky" –

apparently intended as a twisted "tribute" to the pseudonym of a child-pornography

victim whose images are widely distributed – **Lindauer** received and distributed

hundreds of digital pictures and videos during a ten-year period and chatted in

secure online environments with other users and distributors of child pornography regarding the agreed-upon rules for sharing such images.  **Lindauer** received and distributed images that depicted the rape and sexual abuse of small children, including Plaintiff.

44.

**Lindauer**'s last known address prior to his incarceration was in Charlottesville, Virginia.  His current address, at which he may be served with process, is:

> FMC Butner
> Federal Medical Center
> Old N. Carolina Hwy 75
> Butner, NC 27509
> BOP Register No. 14237-084

45.

Class Representative Defendant **Joseph Marcus** is a convicted felon.  He pleaded guilty in 2010 to Possessing Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) offense and was sentenced to 72 months in prison and 3 years supervised release.

46.

As part of the conduct of his offense, **Marcus** used the screen name spandexjim@yahoo.com to send and receive child pornography over the Internet. In a search of his computer, the FBI found sexually explicit images of girls who

19

were estimated to be 18 months to 12 years of age, and 6 movie files of adult males

molesting prepubescent girls between the ages of 4 and 10 years.

47.

**Marcus**'s last known address prior to his incarceration was in Easton,

Pennsylvania.  His current address, at which he may be served with process, is:

> Joseph Marcus
> BOP Register No. 62947-066
> FCI Loretto
> 772 Saint Joseph St.
> Loretto, PA 15940

48.

Class Representative Defendant **William George Gammon** is a convicted

felon.  He pleaded guilty to Possession of Child Pornography in violation of 18

U.S.C. § 2252A(a)(5)(b) and 2252A(b)(2), and was sentenced to serve four years

in federal prison.

49.

As part of the conduct of his offense, **Gammon** communicated with others

via the Internet, including via one or more fee-based secure websites, to send and

receive a staggering number of images of child sexual abuse.  In a search of his

computers and digital storage media, the FBI found over 9,000 still images and

over 100 videos of child abuse, including images of Plaintiff.  Gammon's

collection not only was extremely large but also included extremely violent and

disturbing images, including images that depicted actual children as young as three

months old being sexually violated by adult men.

50.

**Gammon**'s last known address prior to his incarceration was in Houston,

Texas.  His current address, at which he may be served with process, is:

> William George Gammon
> BOP Register No. 43958-279
> FCI Fort Worth
> 3150 Horton Road
> Fort Worth, TX 76119

51.

Class Representative Defendant **Steven Jabbour** is a convicted felon.  In

2011, he pleaded guilty to Receipt of Child Pornography in violation of 18 U.S.C.

§ 2252(a)(2) and 2252(b)(1), and Possession of Child Pornography Count S13 for

18 USC 2252A(a)(5)(B), 2252A(b)(2) and 2256(8)(A).  He was sentenced to 170

months in prison for the receipt charge, 120 months in prison for the possession

charge, and life supervision after release from prison.

52.

As part of the conduct of his offense, **Jabbour** communicated with others

via the Internet, using private chat messages sent under fictitious screen names

including "kiddy lover," to distribute and receive images of child sexual abuse.  By

these means he amassed a collection of illegal images (including images of

21

Plaintiff) that took up one-and-a-half terabytes of digital memory (a data collection

amounting to hundreds of hours of video, or tens of thousands of images), much of

it depicting children being bound or tortured.  Federal agents reported that

**Jabbour** made extremely graphic and violent comments in online child

pornography groups in which he emphatically endorsed the rape of small children.

53.

**Jabbour**'s last known address prior to his incarceration was in Houston,

Texas.  His current address, at which he may be served with process, is:

> Stephen Jabbour
> BOP Register No. 76188-279
> FCI Big Spring
> 1900 Simler Ave
> Big Spring, TX 79720

54.

Class Representative Defendant **Albert Noah Abrams** is a convicted felon.

In 2012, he pleaded guilty to Distribution of Child Pornography in violation of 18

U.S.C. § 2252(a)(2)(A).  He was sentenced to imprisonment for a term of seven

years and to life supervision after release.

55.

As part of the conduct of his offense, **Abrams** communicated with others via

the Internet using (among other things) a file-sharing application called Gigatribe

to distribute and receive images of child sexual abuse.  Law enforcement found

22

almost 8,000 digital photos and videos of child pornography in his computer and digital media storage devices, including numerous images of children, toddlers, and babies being raped by adult men.  **Abrams** also downloaded a 170 page document called the "Hunter's Guide to Finding Child Lovers," which gives advice on how to find and have sexual contact with children.

56.

**Abrams**' last known address prior to his incarceration was in Los Angeles, California.  His current address, at which he may be served with process, is:

> Albert Noah Abrams
> BOP Register No. 62429-112
> FCI Lompoc
> 3600 Guard Road
> Lompoc, CA 93436

57.

Class Representative Defendant **Mayer Finkelstein** is a convicted felon.  In 2007, he pleaded guilty to crimes including possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B).

58.

As part of the conduct of his offense, **Finkelstein** communicated with others via the Internet to distribute and receive images of child sexual abuse.  Federal agents found approximately 14,000 still images and 324 videos on his home and law office computers, including images of Plaintiff.  His collection was more than

60 times the amount necessary to trigger the **maximum** sentence under the United States Sentencing Guidelines, and its content focused heavily on photographs and videos of children being raped by adult men.

59.

**Finkelstein**'s last known address prior to his incarceration was in New Orleans, Louisiana.  His current address, at which he may be served with process, is:

> Mayer Finkelstein
> BOP Register No. 30362-034
> CCM New Orleans
> Community Corrections Office
> C/O Dallas CCM #100
> 4211 Cedar Springs Rd.
> Dallas, TX 75219

<strong><u>Class Allegations</u></strong>

60.

The Defendant Class is defined as all persons who (1) have been convicted of one or more federal child pornography offenses listed in Masha's Law as predicate offenses for a civil action, and (2) have been identified by federal law enforcement officials (and/or by the Child Victim Identification Program of the National Center for Missing and Exploited Children) as having received, possessed, and/or distributed one or more illegal child sexual abuse images of Plaintiff.

24

61.

Rule 23 of the Federal Rules of Civil Procedure provides that "[o]ne or more members of a class may sue **or be sued** as representative parties on behalf of all members," if certain requirements set forth in the Rule are met.  Fed. R. Civ. P. 23 (emphasis added).

62.

Rule 23's requirement of class numerosity is easily met here.  At the time of this filing, Plaintiff has received federal notifications identifying by name well over two thousand men who illegally possessed or distributed her images.  The vast majority of those men have received federal convictions for that conduct.

63.

The case involves questions of law or fact common to the class, as required by Rule 23.  Such questions include, but are not limited to, legal issues concerning the construction and application of Masha's Law and factual issues concerning the distribution and receipt of illegal child pornography, including images of Plaintiff.

64.

The defenses of the Class Representative Defendants will be typical of the class.  The class is defined by objective criteria that apply uniformly throughout the class, ensuring that the Class Representative Defendants are situated similarly to the other class members.

65.

The Class Representative Defendants will fairly and adequately represent the interests of the class. Each of the Class Representative Defendants is exposed to liability of at least $150,000.00 and has a sufficient incentive to litigate the action. Prior to their convictions and incarceration, each of the Class Representative Defendants had a career with significant responsibility in law, business, medicine, or a similar field. Both individually and as a group, the Class Representative Defendants are capable of adequately defending the litigation.

66.

Certification of a defendant class is appropriate under Rule 23(b)(1), because the prosecution of individual actions would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Plaintiff. Masha's Law is a relatively new statute with little applicable case law, and the defendant class is extremely numerous and extends geographically throughout every federal judicial district in the United States. To bring individual lawsuits against each of the more than two thousand Defendants in the class would expose Plaintiff to a significant risk that different courts would construe and apply the statute differently, requiring Plaintiff to pursue essentially the same litigation in different and potentially inconsistent ways in all fifty states, and the District of Columbia.

67.

In addition, certification is proper under Rule 23(b)(3).  The main legal questions in this litigation concern the application of Masha's Law, and the main factual questions concern the personal injury to the Plaintiff resulting from Defendants' already-adjudicated predicate offenses.  These questions of law and fact are common to the class and predominate over any questions affecting only individual members.  Defendants have already had an opportunity to litigate the underlying offenses in their respective criminal prosecutions, and therefore can have little individual interest in controlling the defense of the litigation to that extent.  Issues concerning damages are best litigated at the class level, given that there is only one Plaintiff, who has suffered injury from Defendants' collective actions.  Other injuries to Plaintiff, such as the underlying sexual abuse inflicted by Mancuso or the wrongful acts of the adoption agencies and related entities that permitted Mancuso to adopt her, can be or have been dealt with in other litigation.  It is desirable to concentrate the litigation in this forum, which is in Plaintiff's home state and is convenient both to her counsel and to the law-enforcement officials and others who are likely to serve as witnesses.  And the action will be readily manageable – far more so than the alternative of more than two thousand geographically dispersed individual lawsuits.  Not only would that alternative be staggeringly complex, but it also likely would force Plaintiff to relive her abuse by

testifying over and over again in hundreds of individual damages trials all across the country.  Defendants have robbed Plaintiff of her childhood; she should not be forced to spend her adulthood testifying about the harm they caused.  Class-wide adjudication of her claims will mean that she can testify once, if at all, and move on with her life.

## CLAIM FOR RELIEF PURSUANT TO 18 U.S.C. § 2255

68.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully restated herein.

69.

Masha's Law, 18 U.S.C. § 2255, creates a civil cause of action for injuries suffered as a result of a criminal violation of various child pornography statutes.

70.

Damages available under § 2255 include all actual damages, as well as the cost of the suit, including reasonable attorneys' fees.  The statute mandates that any person injured by a violation of the underlying criminal statutes shall be deemed to have sustained damages of no less than $150,000 as a result of such violation.

71.

Each of the Defendants has pleaded guilty to or otherwise been convicted of a federal child pornography offense, in violation of one or more sections of the

United States Code that are listed as predicate offenses for a civil action under

Masha's Law.

72.

As part of the conduct of their offenses, each of the Defendants received

and/or distributed one or more illegal images of Plaintiff being sexually abused and

exploited as a child. In the process, each Defendant necessarily caused such

images to be copied.

73.

Also as part of the conduct of their offenses, each of the Defendants

participated in a conspiracy to promote and facilitate the distribution of illegal

images of child sexual abuse.

74.

Plaintiff has suffered significant and permanent personal injury as a result of

Defendants' underlying predicate offenses, including but not limited to deprivation

of privacy, extreme emotional distress, and psychological harm. For the rest of her

life, Plaintiff must live with the knowledge that Defendants have watched her

being raped and exploited for their sexual gratification; that they copied,

advertised, traded, and distributed the images of that abuse, thus facilitating and

enlarging the channels by which the images have been and will be illegally copied

and distributed; and that she may be recognized, or even sought out and contacted,

by others who have seen her in her most vulnerable and degraded state.

75.

The harm resulting to Plaintiff from Defendants' wrongful conduct is of a type that both federal and Pennsylvania courts recognize as a significant personal injury. "Like a defamatory statement," child pornography injures the victim's "reputation and emotional well-being," *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 249 (2002), and violates "the individual interest in avoiding disclosure of personal matters," *New York v. Ferber*, 458 U.S. 747, 759 n.10 (1982) (internal quotations omitted). By copying and distributing highly graphic images of Plaintiff being sexually abused, Defendants wrongfully publicized private matter concerning Plaintiff of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. Under the laws of Pennsylvania and every other American jurisdiction, Defendants' felonious conduct gives rise to causes of action for personal injury, including but not limited to invasion of privacy and intentional infliction of emotional distress.

76.

Plaintiff has suffered and will continue to suffer economic harm as a direct and proximate result of Defendants' wrongful conduct, including but not limited to expenses for past and future therapy and medical treatment; diminished earning capacity and lost wages; and costs associated with keeping her identity private so

30

that she will not be recognized or contacted by abusers of child pornography.

77.

As compensation for Defendants' wrongful conduct, Plaintiff is entitled to damages of no less than $150,000 per Defendant, jointly and severally; the cost of this suit including reasonable attorneys' fees; plus prejudgment and post-judgment interest; any other losses in an amount to be ascertained according to proof at trial; and such other relief as the Court may deem just.  In addition, Plaintiff seeks punitive damages against Defendants, to punish and deter the underlying criminal behavior.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a)   Compensatory damages for all injuries, including statutory damages under 18 U.S.C. § 2255(a) of no less than $150,000 per Defendant on a joint and several basis;

(b)   Punitive damages, in an amount sufficient to punish and deter the Defendants from similar conduct;

(c)   Prejudgment and postjudgment interest as provided by law;

(d)   The costs of this action, including reasonable attorney's fees and costs associated with expert witnesses; and

(e)   Any other relief that this Court deems just and proper.

31

Dated August 23, 2013

Michael A. Ferrara, Jr.
PA Bar No. 16035
THE FERRARA LAW FIRM, LLC
1500 JFK Boulevard, Suite 1020
Philadelphia, PA 19102
Telephone: (877)655-3425
Facsimile: (856)661-0369
E-mail: mferrara@ferraralawfirm.com

Darren Summerville
Georgia Bar No. 691978
Leighton Moore
Georgia Bar No. 520701
SUMMERVILLE MOORE, PC
400 Colony Square, Suite 1900
1201 Peachtree Street, N.E.
Atlanta, GA 30361
Telephone: (770) 635-0030
Facsimile: (770) 635-0029
E-mail:darren@summervillemoore.com

William Q. Bird, Esq.
Georgia State Bar No. 057900
Kristen L. Beightol, Esq.
Georgia State Bar No. 425814
BIRD LAW GROUP, P.C.
2170 Defoor Hills Road
Atlanta, GA  30318
Telephone: (404) 873-4696
Facsimile: (404) 872-3745
E-mail: wqb@birdlawgroup.com
E-mail: klb@birdlawgroup.com