DOUGLAS M. STUM, Reg. No. 83181-180
FCI Yazoo City (Low), Unit A-2
P.O. Box 5000
Yazoo City, MS 39194

December 17, 2013

Michael E. Kunz, Clerk of Court
United States District Court,
 Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1741

Re:     Doe v. Hesketh, et al., Civil Action No. 13-4935
        (in the U.S.D.C., Eastern Dist. Pa.)

Dear Clerk of the Court:

    Please find enclosed for filing in the above-styled civil action originals
of the following submitted by pro se Defendant Douglas Stum:

        a.   his Motion To Dismiss, With Prejudice, Pursuant To FRCP Rule 12
             (with Conditional Request for Telephonic Hearing);

        b.   his Memorandum Brief in support of such Motion; and

        c.   his Declaration Under Penalty Of Perjury, Pursuant to 28 U.S.C.
             § 1746 in further support of the same.

As certified on the Motion's last page, movant Stum is a federal prisoner whose
filings in this matter are subject to the "prisoner mailbox rule" for purposes
of determining their timeliness.

    Please also find enclosed an extra copy of the first page of each of such
filings.  Please file-stamp those copies to show their receipt/filing date and
return them to me in the enclosed SASE envelope.

    Last, for docket purposes, I am proceeding without counsel, Pro Se, such
that any NOTICE OF ADDRESS you include on the docket should list the address I
have listed at the top of this letter.

    Thank you for your assistance in this matter.  If you have any questions,
please contact me at the above address.

                                    Very truly yours,

Encs.

                                    Douglas M. Stum, Defendant, Pro Se

CC:     FILE
        Michael A. Ferrara, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,                           )
    Plaintiff,                      )          Civil Action Case
                  v.    )
ALAN HESKETH, et al.,               )          No. 13-4935
    Defendants.                     )

MOTION TO DISMISS, WITH PREJUDICE, PURSUANT TO FRCP RULE 12,
SOLELY AS TO PRO SE DEFENDANT DOUGLAS MICHAEL STUM
(with Conditional Request for Telephonic Hearing)

STATEMENT RE: NEGATIVE NOTICE -- MOVANT IS GENERALLY AWARE
OF THE FEDERAL DISTRICT COURT'S PRACTICES CONCERNING USES
OF NEGATIVE NOTICE VIS-A-VIS THE SETTING OF MOTIONS FOR A
HEARING, BUT AS A FEDERAL PRISONER MOVANT LACKS ACCESS TO
THIS COURT'S LOCAL RULES CONCERNING SAME.  SHOULD MOVANT
NOT BE DISMISSED AS A RESULT HEREOF, HE WILL ATTEMPT TO
OBTAIN A COPY OF SAID RULES; IN THE MEANWHILE, HE PRESUMES
PLAINTIFF COUNSEL'S FAMILIARITY WITH SUCH NOTICE RULES.

COMES NOW Defendant Douglas Michael Stum individually and solely on behalf

of his own interests ("Movant Stum"), pro se, and files this Motion To Dismiss,

With Prejudice, Pursuant To FRCP Rule 12 (this "Motion") as to the original Class

Action Complaint (the "Complaint") filed by Jane Doe, f/k/a Masha Allen (the

"Plaintiff").  Movant Stum respectfully states as follows:

PROCEDURAL STATUS & BASIS FOR MOTION

1.   Plaintiff commenced this action by filing her Complaint on August 23,

2013 (the "Petition Date").  Movant Stum was served with notice and a copy of

the Complaint on December 5, 2013.  He must answer or move under Fed. R. Civ.

Proc. ("FRCP") Rules 8 or 12 by December 26, 2013.

2.   Movant Stum is a federal prisoner who has no email privileges or other

means of electronically accessing the Court or parties' counsel.  This Motion

and any related subsequent filings are subject to the "prisoner mailbox" rule

for purposes of determining timeliness.  Burns v. Morton, 134 F.3d 109, 113

(3d Cir. 1998).

MOTION - P. 2

3.   Movant Stum seeks dismissal, with prejudice, from this action on two grounds.  Dismissal is warranted, first, under FRCP Rule 12(b)(6) because the Plaintiff has failed to state a claim upon which relief can be granted, where the relief sought from Movant Stum is barred by the applicable statute of limitations.  Dismissal is also warranted under FRCP Rule 12(b)(2) based upon the Court's lack of personal jurisdiction over Movant Stum.

4.   Movant Stum does not hereby seek to make light of the Plaintiff's circumstances, but he does feel compelled to assert two of the several reasons he in good faith believes he should not have been sued in this putative class action. [1]

> NOTE 1:  Movant Stum is not the "deep pocket" Plaintiff's
> counsel apparently presumed him to be.  He liquidated most
> of his assets (on notice to the Criminal Court) prior to his
> federal sentencing to partially pay off preexisting valid
> debts, he has earned de minimus income while in prison, and
> and he now still owes various creditors nearly $100,000.
> Tellingly, he moves here pro se because he cannot afford to
> retain counsel to look after even his own interests, much
> less anyone else's.

## JURISDICTION & VENUE

5.   Without denying or conceding the Court's subject matter jurisdiction, Movant Stum denies that the Court has personal jurisdiction over him, except to the limited extent the Court has jurisdiction to determine its jurisdiction in light of the Rule 12 issues raised by this Motion.

6.   Movant Stum expressly reserves his right to contest venue in a later motion or pleading, depending upon the disposition of this Motion.

## BACKGROUND

7.   Movant Stum was the defendant in criminal Case No.07CR027 in the United States District Court, Western District of Texas (the "Criminal Court").  The docket for that case and the public record documents reflected therein show the following beyond any reasonable doubt:

MOTION - P. 3

    a.   on or about June 23, 2006, the FBI executed a search warrant on Movant Stum's residence and siezed various electronic media, terminating the underlying offense conduct that Plaintiff invokes;

    b.   on or about February 22, 2007, several days after charges were filed pursuant to an indictment, Movant Stum was arrested on two counts of possessing certain illegal pornographic images;

    c.   on or about April 25, 2007, he pled guilty to the first of those counts and the Criminal Court accepted his plea; and

    d.   on or about August 13, 2007, the Criminal Court entered Judgment imposing the sentence he is now serving at FCI Yazoo City.

8.   Plaintiff essentially alleges that: (a) she was the subject of illegal images created by defendant Mancuso; (b) copies of such images have proliferated via the Internet to unknown thousands or millions of world-wide users, including other defendants; (c) at least one of such copies was found on Movant Stum's siezed media; (d) Plaintiff was notified of this by the Department of Justice ("DOJ") at the time federal charges were filed against him; and (e) Plaintiff thus has a private civil right of action against him under 18 U.S.C. § 2255(a).

9.   Plaintiff further alleges that some (unidentified) illicit images of her originated in her home state of Pennsylvania, while the rest originated in Florida. Her Complaint lacks any contention that the image(s) allegedly found on Movant Stum's media included any of those originating in Pennsylvania, and aside from alleged facts pertaining to his possession of said image(s) in Texas, Plaintiff makes no contention that Movant Stum had any contacts with or other conduct purposely directed at the forum state of Pennsylvania.

10.  Plaintiff alleges that she was twenty years old as of the Petition Date -- necessarily implying that she was at least eighteen years old on June 23, 2012 and at least nineteen years old on February 22, 2013.

MOTION - P. 4

11[1]  Movant Stum hereby intends to neither admit nor deny that he actually possessed any copy of any image of Plaintiff. He expressly reserves his right, if later necessary, to demand proof of, or otherwise contest, such allegation.[2]

> NOTE 2:  By this Motion and its supporting brief and sworn declaration, which are incorporated herein by reference, Movant Stum is not raising any issue that could cause this Court to treat the Motion as one for summary judgment. His request under Rule 12(b)(6) is based solely upon the face of the Complaint and public records of which the Court may take judicial notice. His request under Rule 12(b)(2) is additionally based only upon his Declaration, which attests to facts outside the Complaint and public records only to the limited extent inherently necessary to allow the Court to decide whether personal jurisdiction actually lies.

### GROUNDS FOR DISMISSAL

A.  MOVANT STUM SHOULD BE DISMISSED FROM THIS ACTION, WITH PREJUDICE, PURSUANT TO RULE 12(b)(6).

12.  If the allegations in a complaint and on the face of the record as may be taken notice of by the Court show that relief is barred by an applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim pursuant to FRCP Rule 12(b)(6). That is precisely the type of circumstance presented here.

13.  Plaintiff's Complaint vis-a-vis Movant Stum asserts one cause of action -- a claim for damages under 18 U.S.C. § 2255(a) on the supposition that she, while a minor, was a victim of one of the predicate offenses listed therein (an alleged violation of 18 U.S.C. § 2252). Section 2255 was first enacted in 1986 and (for relevant purposes) amended twice thereafter. The version of § 2255 amended as of 10/30/98 -- the law at the time Movant Stum's offense ended -- provided for statutory minimum damages of $50,000 while § 2255 as further amended on 7/27/06 -- the law at the time DOJ notified Plaintiff it was filing charges against him -- raised the statutory damages figure to $150,000. [3]  Whether the

MOTION - P. 5

> NOTE 3: A third amendment to § 2255 effective on 3/7/13,
> which enlarged the limitations period to ten years, cannot
> be applied to Movant Stum because Plaintiff, having already
> reached the age of at least 18, allowed the six-year period
> of limitations discussed below to expire before that third
> amendment ever took effect.

1998 or 2006 version of § 2255 applies here is irrelevant to the disposition

of this Motion.

    14. At all relevant times § 2255(h) provided that any § 2255(a) action:

> [S]hall be barred unless the complaint is filed within six
> years after the right of action accrues or in the case of
> a person under a legal disability, not later than three
> years after the disability".

The three-year "legal disability" provision could not benefit someone like the

Plaintiff, who was already age 18 or older on the date six years from when the

cause of action accrued (if at all) against Movant Stum. See Brief In Support

at pp. 4-7 . Thus, even if Plaintiff were to "prove up" the § 2252 offense,

she had six years from said accrual date -- but no more -- within which to sue.

    15. The Complaint, on its face, and the public record establish that she

did not timely do so. Even when her pleaded facts are accepted as true for Rule

12 purposes and construed in a favorable light, Plaintiff essentially says that:

    a. regardless of whether her claim accrued when movant's offense

ended in June 2006, or when DOJ told her it was filing charges against him,

she was on actual notice of the predicate factual basis for her claim no

later than February 2007;

    b. on the sixth anniversary of any such claim accrual date, she was

eighteen or more years of age; and

    c. she nevertheless allowed the six-year limitations period to expire

in February 2013 without having timely filed suit.

Thus, the available record shows there is no plausible scenario in which she

MOTION - P. 6

can maintain a § 2255 action against Movant Stum, where any otherwise viable
action became barred a half-year before Plaintiff filed suit.

16.  Because Plaintiff has pled facts which show that her putative cause of
action expired no later than in February 2013, and that she first brought this
suit six months later, no relief can be granted her (against Movant Stum) under
any set of facts that could be proved consistent with those allegations.   The
pro se movant should not be further compelled to participate in this time-barred
action; rather, he should be dismissed so that Plaintiff may focus on pursuit
of any other defendants whom she timely sued.

      B.   MOVANT STUM SHOULD ALSO BE DISMISSED FROM THIS
          ACTION, WITH PREJUDICE, PURSUANT TO RULE 12(h)(2).

17.  Even if Plaintiff's Complaint were deemed timely filed against Movant
Stum, this action cannot be maintained against him unless she pleads and shows,
with reasonable particularity, a nexus between him and the forum of Pennsylvania
sufficient to support the Court's exercise of "general" or "specific" personal
jurisdiction over him.  The extremely remote alleged connection between Movant
Stum and Plaintiff's home state is far too tenuous to support any such exercise.

18.  Plaintiff's Complaint is arguably more notable for what it does not,
rather than for what it does, allege regarding Movant Stum's supposed ties to
Pennsylvania.  Among other things:

     a.   she has not alleged that he: (i) was ever physically present in
Pennsylvania; (ii) ever owned real property or other assets in that state;
(iii) ever conducted business transactions with other persons in or from
that state; or (iv) ever knowingly communicated with any state resident;

     b.   she has not alleged any facts suggesting that he maintained any
systematic and continuous contacts with that state, or otherwise purposely
availed himself of the privilege of conducting any activities in the forum

MOTION - P. 7

by deliberately targeting or expressly aiming tortious conduct at her home
state; and

     c.   she does not even contend that he knew anything about her home
state when he allegedly possessed her image(s), that he knowingly dealt at
that time with anyone he knew to be in or from Pennsylvania in acquiring
such possession, or that he otherwise had reason to know at any time before
his offense ended in June 2006 that such image(s) had any connection to
the forum of Pennsylvania.

    19.  The solitary thread with which Plaintiff attempts to jurisdictionally
hook Movant Stum concerns her allegations, express or implicit, that: (a) in 2006
he possessed in Texas an unidentified image(s) of her; (b) it is irrelevant if
said image(s) originated in Floirida; (c) he acquired such possession via the
Internet in an unidentified manner at an unspecified time from an unidentified
source among thousands or millions of potential world-wide sources; and yet (d)
he somehow volitionally subjected himself to the exercise of jurisdiction in
Pennsylvania at that time, regardless of when he learned of Plaintiff's ties to
that forum. Such a slim thread cannot support the weight of her evidentiary
burdens. See Brief In Support at pp. 7-13 .

    20.  Movant Stum's Declaration establishes that his only known connection
to Pennsylvania, prior to receiving service of the Complaint, was a brief trip
he made with his parents to visit relatives when he was a small child too young
to now recall such travel. See Declaration at pp. 2-3 .

    21.  Thus, the crucial distinction boils down to this -- Plaintiff is not
asking this Court to exercise jurisdiction over someone who, at the time of his
predicate offense and/or the time her cause of action otherwise may have accrued,
knew or had any reason to know that his conduct had affected a Pennsylvania
resident. Rather, she is seeking the imposition of jurisdiction over someone

MOTION - P. 8

who allegedly committed a tort affecting someone who he learned was a resident
of Pennsylvania only years later, who at no point during his life prior to being
served with the Complaint had any reason to know that he had any connection to
Pennsylvania as a forum, and who even now -- based on the face of the Complaint
-- cannot ascertain whether Plaintiff resided in Pennsylvania at the time of his
offense in 2006 or whether the complained-of image(s) originated in Pennsylvania.

    22.  That Plaintiff construes Movant Stum's conduct as an intentional tort
changes nothing.  She has not even alleged -- and cannot show -- that he, at the
time of his offense, knowingly and expressly aimed tortious activity at the
State of Pennsylvania, or otherwise knew or had any reason to know then that the
brunt of the harm allegedly suffered by Plaintiff would be borne in Pennsylvania.

    23.  To hold Movant Stum subject to this Court's jurisdiction on the basis
of such a slender thread would offend the notions of reasonableness and fair
play reflected in this Court's Rule 12(b)(2) precedents cited in movant's Brief.
He should consequently be dismissed so that Plaintiff may focus on pursuing any
other defendants whose ties to Pennsylvania are material and substantial.

## CONDITIONAL REQUEST FOR TELEPHONIC HEARING

    24.  Movant Stum respectfully contends that once all response/reply filings
have been made in connection herewith, the Court will be able to grant dismissal
without need for a hearing, particularly if this Motion is resolved under FRCP
Rule 12(b)(6).  If the Court concludes that it cannot grant a dismissal without
a hearing, Movant Stum: (a) advises the Court and parties that FCI Yazoo City
can facilitate his telephonic participation at the Court's direction; and (b)
requests that, given his inability to retain counsel, he be allowed to appear
telephonically pro se so as to be heard before the Motion's disposition.

## RELIEF SOUGHT

    WHEREFORE, PREMISES CONSIDERED, Movant Douglas Michael Stum prays that
the Court enter an Order:

MOTION - P. 9

    A.  dismissing Plaintiff's Complaint as against him, WITH PREJUDICE, in accordance with FRCP Rule 12(b)(6) and/or Rule 12(b)(2), so that she shall take nothing from him and he shall be dismissed forthwith from this action in both his individual and all other alleged capacities; and

    B.  providing that each of the parties shall respectively bear their own fees and costs in any way relating to this matter; and

    c.  granting him all other and further legal and equitable relief to which he is entitled.

    RESPECTFULLY SUBMITTED on this 17th day of December, 2013, by:

Douglas Michael Stum, Pro Se
DEFENDANT, Individually and solely
on behalf of his own interests

Register No. 83181-180
FCI Yazoo City (Low), Unit A-2
P.O. Box 5000
Yazoo City, MS 39194

## CERTIFICATE OF CONFERENCE

    To any extent necessary under the Court's Local Rules, I HEREBY CERTIFY that: (i) the circumstances of my incarceration make it practicably impossible to confer with Plaintiff's counsel prior to the timely submission of this Motion at the height of the holiday season; and (ii) Plaintiff's counsel can safely be presumed to oppose the relief hereby sought; but (iii) I intend to communicate with said counsel at the earliest practicable time to determine whether the parties might reach an agreed disposition of this Motion.

    CERTIFIED on this 17th day of December, 2013, by:

Douglas M. Stum, Defendant, Pro Se

MOTION - P. 10

### CERTIFICATE OF FILING & SERVICE

I HEREBY CERTIFY that, on or before December 18th, 2013, I timely filed the foregoing Motion To Dismiss (and its supporting Brief and Declaration) with the Clerk of this Court:

> Michael E. Kunz, Clerk
> U.S.D.C., Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA 19106-1741

by delivering the originals thereof to the staff member at FCI Yazoo City (Low) responsible for accepting same for mailing to the District Court, pursuant to the "prison mailbox rule". Young v. Beard, et al., 2009 U.S. Dist. LEXIS 87249 (M.D. Pa. 2009)(citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)).

I HEREBY FURTHER CERTIFY that, on the same date, I caused true and correct copies of such submissions to be served, via first-class U.S. mail, postage prepaid, upon Plaintiff's designated lead counsel:

> Michael A. Ferrara, Jr.
> The Ferrara Law Firm, LLC
> 1500 JFK Blvd., Suite 1020
> Philadelphia, PA 19102

CERTIFIED on this 18th day of December, 2013, by:

Douglas M. St

Douglas M. Stum, Defendant, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,                              )
    Plaintiff,                     )         Civil Action Case
                  v.  )
ALAN HESKETH, et al.,                  )         No. 13-4935
    Defendants.                    )

PRO SE DEFENDANT DOUGLAS MICHAEL STUM'S MEMORANDUM BRIEF
IN SUPPORT OF MOTION TO DISMISS, WITH PREJUDICE, UNDER FRCP RULE 12

COMES NOW Defendant Douglas Michael Stum individually and solely on behalf of his own interests ("Movant Stum"), pro se, and files this Memorandum Brief in support of his contemporaneous Motion To Dismiss, With Prejudice, Pursuant To FRCP Rule 12 (the "Dismissal Motion") as to the original Class Action Complaint (the "Complaint") filed by Jane Doe, f/k/a Masha Allen ("Plaintiff"). Movant Stum would respectfully show the Court as follows:

SUMMARY OF ARGUMENT

1.    From approximately 1998 to 2003, the Plaintiff (now an adult) was the subject of illegal pornographic depictions created by defendant Mancuso, and they have since proliferated via the Internet. In February 2007, Movant Stum was arrested and charged with possession of certain illegal images -- eight months after his offense conduct ended -- and Plaintiff was notified then by the U.S. Department of Justice ("DOJ") that his siezed media included one or more images of her. Plaintiff waited six-and-a-half more years to bring this action.

2.    By this putative class action, Plaintiff essentially seeks to hold liable anyone ever identified as ever having possessed a copy of any such image. Plaintiff reportedly chose to sue about a dozen imprisoned possessors thereof as putative "class representatives" based upon the prominence of their former lives or careers, apparently without conducting any diligence into their present-day financial circumstances.

1

BRIEF - P. 2

3.   Movant Stum, by his Dismissal Motion, does not seek to make light of
Plaintiff's circumstances or suggest that her claims against other defendants
cannot properly proceed in this action.  However, aside from his abject inability
to defend anyone's interests but his own, or to even retain counsel herein, he
is compelled to assert two reasons why he in good faith believes he should not
have been sued -- at this very late date -- in this putative class action.  In
the first instance, the statute invoked by Plaintiff provided, at all relevant
times, that an otherwise meritorious claim would be barred if not brought within
six years after it accrued.  The face of the Complaint itself and the available
public record demonstrate that Plaintiff waited at least six months too long to
ever sue Movant Stum.  Moreover, the Court lacks <u>in personam</u> jurisdiction over
him, where Plaintiff has not alleged -- because she cannot allege -- any facts
establishing with reasonable specificity that at the time of his predicate offense
in 2006, he knew or had any reason to know that the brunt of any harm caused by
his having possessed her image(s) would be borne by a Pennsylvania resident, or
otherwise knowingly and expressly targeted any activity -- tortious or not --
at the State of Pennsylvania as a forum.

4.   As such, dismissal of Movant Stum from this action, with prejudice,
is warranted for two independent reasons pursuant to Fed. R. Civ. Proc. ("FRCP")
Rule 12(b)(2) & (b)(6).

PROCEDURAL STATUS

5.   Movant Stum is a federal prisoner who has no email privileges or other
means of electronically accessing the Court's docket.  All he knows for sure is
that he was sued nearly four months ago on August 23, 2013 (the "Petition Date")
and served notice on December 5, 2013.  The Dismissal Motion is his first filing
in response thereto.  If briefing or scheduling Orders have been entered as to
putative class issues or other matters, he was never served notice of them.

BRIEF - P. 3

<u>ARGUMENT</u>

6.   The Dismissal Motion should be granted because Plaintiff has failed to state a viable claim against Movant Stum and because this Court lacks any personal jurisdiction over him.

7.   <u>Rule 12(b)(6) Standards</u>: Where a Complaint's untimeliness is apparent from the face of the record -- for example, where its allegations show relief is barred by the applicable statute of limitations -- the complaint is subject to dismissal for failure to state a claim, pursuant to FRCP Rule 12(b)(6).   <u>Paluch v. Sect. Pa. Dept. Corr., et al.</u>, 2011 U.S. App. LEXIS 17425, note 2 (3d Cir. 2011).   When considering a motion under that Rule, a court must accept all well-pleaded allegations in the complaint -- and all reasonable inferences that can be drawn from them -- as true and view them in the light most favorable to the plaintiff.   <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005); <u>Estate of Clark v. Toronto Dominion Bank, et al.</u>, 2013 U.S. Dist. LEXIS 39191 (E.D. Pa. 2013).

8.   However, the court need not credit bald assertions or legal conclusions. <u>Evancho</u>, 423 F.3d at 351.   In order that the court may determine whether the facts alleged are sufficient to show that a plaintiff has a plausible claim for relief, a complaint must do more than allege the claimant's entitlement to relief; it must show such an entitlement with its facts. <u>Estate of Clark</u> at p. 3.   This plausibility determination will be a context-specific task that requires the reviewing court to draw upon its judicial experience and common sense. <u>Khatib v. Sun-Times Media Group, Inc.</u>, 2013 Bankr. LEXIS 1327, note 16 (Bankr. D. Del. 2013)(citing <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009)).

9.   In assessing plausibility, the Court may look beyond the Complaint's face to review documents and matters of public record, including the record of prior judicial proceedings. <u>Estate of Clark</u> at p. 3 (citing Third Circuit case precedents); <u>Tirado v. Montgomery Co., PA</u>, 2013 U.S. Dist. LEXIS 46016 (E.D. Pa.

BRIEF - P. 4

2013)(same). Such a judicially noticed fact may be any one not subject to any reasonable dispute, i.e., one capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned. Khatib at note 8. Here, such resources may necessarily include the documents and records associated with Movant Stum's arrest, conviction and sentencing. U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002)(the relevant record includes any document integral to, as well as those explicitly relied on in, a complaint).

10. Ultimately, the purpose of a Rule 12(b)(6) motion is to streamline litigation by dispensing with needless discovery and/or fact-finding. Encore Medical, L.P. v. Kennedy, 2013 U.S. Dist. LEXIS 31028 (W.D. Pa. 2013)(citing Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

11. Rule 12(b)(2) Standards: Although this Rule serves a similar streamlining purpose, its application differs from that of Rule 12(b)(6) in important respects. A Rule 12(b)(2) motion is inherently a matter which requires resolution of fact issues outside the pleadings, i.e., whether in personam jurisdiction actually lies. Patterson v. FBI, et al., 893 F.2d 595, 603 (3d Cir. 1990).[1]

> NOTE 1: This does not mean the motion can be treated as one for summary judgment. Id. at 604.

12. Once this defense has been raised, a plaintiff must sustain her burden of proof in establishing jurisdictional facts through competent evidence. Id. at 604. At no point may the plaintiff rely on the bare pleadings alone in order to withstand a Rule 12(b)(2) motion; once the motion is made, the plaintiff must respond with actual proofs, not mere allegations. Id.

A.   PLAINTIFF FAILS TO STATE A CLAIM THAT IS NOT TIME-BARRED.

13. Plaintiff's Complaint vis-a-vis Movant Stum asserts just one cause of action -- a claim for damages under 18 U.S.C. § 2255(a) on grounds that she, while

BRIEF - P. 5

a minor, was a victim of one of the predicate offenses listed therein (i.e., an
alleged violation of 18 U.S.C. § 2252).  Section 2255 was first enacted in 1986
and, for purposes relevant here, amended twice thereafter, in 1998 and in late
July 2006.[2]  Whether one or the other of such amended statutes applies here is

> NOTE 2:  The version of § 2255 amended as of 10/30/98 --
> the law at the time Movant Stum's offense conduct ended --
> provided for statutory presumed damages of $50,000 while
> § 2255 as further amended on 7/27/06 -- the law at the time
> DOJ notified Plaintiff it was filing charges against him
> -- raised that statutory figure to $150,000.

irrelevant to the Dismissal Motion's disposition; provided, that a third § 2255
amendment effective in March 2013, which enlarged the limitations period to ten
years, cannot be applied here because: (a) Plaintiff, by then an adult, allowed
the six-year period discussed below to expire before that amendment took effect;
and (b) it would violate the ex post facto clause of Article I of the Constitution
and other binding precedents to retroactively apply current § 2255(b) as against
Movant Stum in relation to a claim that -- by Plaintiff's own account -- accrued
no later than in February 2007.

     14.  Thus, at all times relevant to Plaintiff's claim against Movant Stum,
§ 2255(b) provided that any § 2255(a) action:

> [S]hall be barred unless the complaint is filed within six
> years after the right of action accrues or in the case of
> a person under a legal disability, not later than three
> years after the disability.

See Doe v. Schneider, et al., 667 F.Supp.2d 524, 530 (E.D. Pa. 2009).  This very
Court, in Schneider, explained the common-sense application and meaning of that
provision, observing that it:

> [P]rovides that the cause of action expires after six (6)
> years, if at the end of that six (6) year period, a plaintiff
> is over eighteen (18).  However, if a plaintiff is still a
> minor after the six (6) years have passed, the cause of
> action expires when plaintiff turns twenty-one (21).

Id.  Here, the "legal disability" exception could not benefit Plaintiff.

BRIEF - P. 6

15. This is so because the Complaint on its face, the inferences that can be reasonably drawn from it, and matters of public record collectively show that Plaintiff waited more than six years from the date her claim (if any) accrued and, as an adult, allowed the six-year expiration date to pass. In particular:

a. Movant Stum's possession offense ended on June 23, 2006, when the FBI searched his home and siezed his media;

b. he was charged with the offense on, or shortly before, February 22, 2007, by which time the DOJ had notified Plaintiff that one or more of her images was on that media; and

c. Plaintiff was twenty years of age on the Petition Date -- giving rise to the indisputable inference that she was at least eighteen on June 23, 2012 and at least nineteen on February 22, 2013.

See Complaint at p. 2 and at ¶¶ 16 & 36; see also the Docket and public records listed thereir, of which this Court may take judicial notice, see supra at pp. 3-4, concerning U.S. v. Stum, Case No. 07-CR-027(1) in the U.S. District Court, Western District of Texas, Austin Div. (the "Criminal Court").

16. Thus, by Plaintiff's own account, she essentially is saying that:

a. regardless of whether her claim accrued when movant's offense ended in June 2006, or when DOJ told her it was filing charges against him, she was on actual notice of the predicate factual basis for her claim no later than February 2007; and

b. on the sixth anniversary of any such claim accrual date, she was eighteen or more years of age; yet

c. she nevertheless allowed the six-year limitations period to expire in February 2013 without having timely filed suit.

Inasmuch as Plaintiff has pled facts which show that her putative cause of action expired by no later than in February 2013, and that she first brought this suit

BRIEF - P. 7

six months thereafter, no relief can be granted her vis-a-vis Movant Stum under
any set of facts that could plausibly be proved consistent with such allegations.
This action should consequently be dismissed, with prejudice, as it pertains to
him. See, e.g., Paluch, 2011 U.S. App. LEXIS 17425 at note 2.

> B. PLAINTIFF FAILS TO PLEAD AND PROVE FACTS SUFFICIENT
> TO ESTABLISH THE COURT's PERSONAL JURISDICTION.

17. Unless otherwise authorized by law, a federal district court sitting
in Pennsylvania has jurisdiction over parties to the extent permitted by that
state's law. Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir. 2008);
Bush, et al., v. Adams, et al., 2008 U.S. Dist. LEXIS 101649 (E.D. Pa. 2008);
FRCP Rule 4(e). Analyzing whether personal jurisdiction exists is therefore a
two-step inquiry. A court must first look to see if the exercise of personal
jurisdiction is authorized by the applicable state law; if so, the court must
then consider whether exercising jurisdiction would comport with the due process
requirements of the U.S. Constitution. To the extent the Pennsylvania long-arm
statute may provide for the exercise of jurisdiction up to the limits of federal
constitutional due process, these two steps of statutory and constitutional
analysis will effectively collapse into one. Bush, at p. 4 (citing Kehm and
other Third Circuit precedents).

18. In such a scenario, courts have conceived of personal jurisdiction as
comprising two categories: "general" jurisdiction and "specific" jurisdiction.
General jurisdiction exists when the totality of contacts between a defendant and
a judicial forum is sufficient to permit the forum to exercise jurisdiction over
the defendant regardless of the specific facts of the instant controversy. For
due process purposes, the central inquiry for general jurisdiction is whether a
defendant has maintained "systematic and continuous" contacts with the forum
state. Id. at p. 8 (citing Kehm and Supreme Court precedents).

BRIEF - P. 8

19.  On the other hand, specific jurisdiction exists when the subject claim "arises from or relates to conduct purposely directed at the forum state". Id. at p. 9 (emphasis added).  For due process purposes here, the central inquiry is whether the defendant purposefully directed his activities at the forum state, whether the plaintiff's claim arises out of or relates to those activities, and whether the assertion of jurisdiction comports with fair play and substantial justice.  Id.  This three-part inquiry is made on a claim-by-claim basis, see Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2001), such that:

     a.    first, the defendant must have purposely availed itself of the privilege of conducting activities in the forum.  This requires that the defendant must have "deliberately targeted" the forum when directing its activities.  This requirement cannot be satisfied by the unilateral actions of someone other than the defendant.  Bush, at p. 10 (citing Third Circuit and Supreme Court precedents);

     b.    second, whether the litigation arises out of or relates to such deliberately targeted activities cannot be determined simply by looking at whether they are a "but-for" cause of the plaintiff's alleged injury.  A court must, instead, determine relatedness on a case-by-case basis focusing on "the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable." Id.; and

     c.    third, the requirement of comportment with substantial justice and fair play ensures that there are no compelling considerations that would render the exercise of jurisdiction otherwise unreasonable.  Id.

20.  In limited circumstances pertaining to intentional torts, an alternative analysis for "specific" jurisdiction generally looks to the effects that the defendant's conduct had upon the plaintiff.  Id. (citing Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)).  Nevertheless, even under the

BRIEF - P. 9

Calder "effects" test, the plaintiff must still plead and prove that:

      a.    the defendant committed an intentional tort;

      b.    the plaintiff felt the brunt of the harm from that tort in the forum, so that the forum could be said to be the "focal point" of his or her harm; and, crucially, that

      c.    the defendant "expressly aimed" his tortious conduct at the forum such that the forum can be said to be the focal point of that conduct and knew that the plaintiff would suffer the brunt of the harm ... in the forum.

Id. (emphasis added)(citing IMO Indus. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998) and Marten).

### 1.    PLAINTIFF HAS NOT ATTEMPTED TO PLEAD THE BASIS FOR ANY "GENERAL" PERSONAL JURISDICTION OVER MOVANT.

21. Here, Plaintiff essentially alleges that: (a) she was the subject of illegal images created by defendant Mancuso; (b) copies of such images thereafter proliferated via the Internet to unknown thousands or millions of world-wide users, including other defendants; (c) at least one of such copies was found on Movant Stum's siezed media; and (d) she, per se, has a resulting § 2255 claim. She also alleges that some (unidentified) illicit images of her originated in Pennsylvania, while the rest originated in Florida, leaving open the possibility that any possessed by Movant Stum originated in the latter state.

22. Aside from alleged facts pertaining to his possession of said image(s) -- in Texas more than seven years ago -- the Complaint makes no assertion that Movant Stum had any recurring contacts with the state of Pennsylvania, or that he otherwise purposely directed any conduct at that forum. For example, there is no contention that he: (a) was ever physically present there; (b) ever owned land or other assets located there; (c) ever conducted business transactions with someone in or from there; or (d) ever knowingly communicated with any of

BRIEF - P. 10

that state's residents.  Similarly absent is any contention that he purposely
availed himself of the privilege of _himself_ conducting _any_ activities in that
state, or that he ever knowingly and deliberately targeted or aimed _any_ conduct
-- tortious or not -- at Pennsylvania as a forum.

23.  Axiomatically, then, where Plaintiff has not attempted to plead that
Movant Stum had any connection whatsoever to Pennsylvania beyond his alleged
possession of potentially as few as one image of a person who (unknown to him)
is or was a resident of that state, there is no basis for the Court to conclude
that she could ever establish the "systematic and continuous" contacts needed
to support a finding of general jurisdiction.  See _supra_, at p. 7.

### 2.   PLAINTIFF ALSO HAS NOT ATTEMPTED TO PLEAD THE USUAL BASIS FOR "SPECIFIC" JURISDICTION OVER HIM.

24.  At its core, Plaintiff's argument for specific personal jurisdiction,
_see_ Complaint at p. 6, ultimately rests on the following contentions: (a) that
in 2006 Movant Stum possessed in Texas an unspecified image(s) of her that may
have originated in Florida, rather than Pennsylvania; (b) that he acquired such
possession via the Internet in an unspecified manner at an indeterminate time
from an unidentified source among the thousands or millions of potential world-
wide sources; and (c) that due to factors wholly beyond his knowledge or control
-- the coincidental (if not "unilateral") fact that Plaintiff happened to live
in Pennsylvania -- he should be deemed to have somehow, at the time of offense
in 2006, volitionally subjected himself to the exercise of jurisdiction in that
state even though his only known connection to that state prior to receiving the
Complaint was a brief trip he made with his parents to visit relatives when he
was a small child too young to now recall any memory of such travel.  See _id._
& Movant's contemporaneous Declaration, at pp. 2-3.  Tellingly, the Plaintiff
nowhere contends that he ever knew, or had reason to know, that she was from
Pennsylvania at any time prior to receipt of her Complaint.

BRIEF - P. 11

25. Thus, Plaintiff's claim cannot hang on the usual hook for "specific" personal jurisdiction, where she has not even attempted to plead at least two of the necessary three elements -- <u>viz</u>:

    a.   she has not alleged that Movant Stum purposely availed himself of conducting any activities in Pennsylvania by "deliberately targeting" that forum in connection with his possession of her image(s); and

    b.   she has not alleged that he and she could be deemed to have agreed to some form of tacit quid pro quo that would have made litigation in that state reasonably foreseeable to him when he possessed such image(s) more than seven years ago.

At most, Plaintiff's allegations might be construed to assert "but-for" causation between Movant Stum's possession of her image(s) and the damages for which she seeks to hold him liable.  However, that type of approach must fail.  See <u>Bush</u> at p. 10.

26. In <u>Bush</u>, this very Court held that contacts of a significantly more substantial nature than those alleged by Plaintiff to exist here were still not enough to allow for the Court's exercise of specific jurisdiction over residents of Virginia.  Among other things, those defendants had: (a) obtained an arrest warrant for a Pennsylvania resident from a Virginia court; (b) knew at the time that the warrant would have to be served in Pennsylvania; and (c) made telephone calls into Pennsylvania seeking the assistance of that forum's law enforcement to effectuate the arrest.  Yet, this Court held that such contacts fell short of establishing personal jurisdiction because there was nothing about them that meant the Virginians should have reasonably anticipated, at the time of their conduct, being haled into a Pennsylvania court on account of it.  <u>Bush</u>, at p. 11.

27. Here, Plaintiff cannot invoke ordinary "specific" jurisdiction because she has not even pled -- much less alleged facts to support a conclusion -- that

BRIEF - P. 12

Movant Stum had any reason to anticipate, in 2006, that he could be haled into a Pennsylvania court solely due to his possession of an illicit image(s) of a person he knew nothing else about.  Thus, Bush and the authorities cited therein must bar this action from proceeding further as against him unless Plaintiff can alternatively meet the exceptional Calder test.

### 3.    LAST, PLAINTIFF HAS NOT EVEN ATTEMPTED TO PLEAD THE MOST IMPORTANT OF THE THREE ELEMENTS REQUIRED UNDER THE CALDER "EFFECTS" TEST FOR INTENTIONAL TORTS.

28.  Accepting Plaintiff's allegations and the reasonable inferences drawn therefrom in the light most favorable to her, all that she ultimately contends is that: (a) Movant Stum arguably committed an intentional tort in 2006; and (b) she felt the brunt of harm from the tort while a resident of Pennsylvania.  At most, therefore, she has tried to plead and prove the first two of the three key elements of the Calder test described above.  Wholly absent from the Complaint is any contention that, at the time of the alleged tort in 2006, Movant Stum had "expressly aimed" his tortious conduct at Pennsylvania so that such forum could be deemed a "focal point" of his image possession, or that he otherwise knew -- or had any reason to know -- that she would suffer the brunt of harm while in Pennsylvania.  Her failure to even plead this element dooms her attempt to hale him into this Court at this late date.

29.  Here again, this Court's prior Bush precedent is instructive.  Recall that in that case, two Virginia law officers were sued in Pennsylvania for having obtained a Virginia arrest warrant that they knew would be served in Pennsylvania by that forum's law enforcement, whom they had called, to effectuate the arrest of a Pennsylvania resident.  The act later was found to constitute false arrest and malicious prosecution, giving rise to the intentional tort claim.  Yet, despite those officers having had actual knowledge that their conduct would harmfully affect a Pennsylvanian, this Court dismissed the claim, holding that:

BRIEF - P. 13

> The plaintiffs have also failed to establish the third
> element of the Calder test. That element requires ⌊them⌋
> to show that ⌊the officers⌋ express!ly aimed their tortious
> activity at Pennsylvania and that they knew ⌊the arrestee⌋
> would suffer the brunt of the harm caused by their conduct
> in that state. Merely knowing that ⌊he⌋ would be in ⌊that
> state⌋ when he would be arrested is not enough.

Bush, at p. 12 (emphasis added)(citing Marten, where claims were similarly

dismissed, for the basic proposition that "absent evidence of 'specific activity

indicating the defendants "expressly aimed" their conduct at Pennsylvania, the

District Court did not have jurisdiction'"').

    30.   The Plaintiff here simply has not even alleged -- because she could

never factually demonstrate -- that Movant Stum "purposely aimed" or "expressly

targeted" any activity at her state, or that he ever (prior to receipt of the

Complaint) had any reason to know his conduct had particularly affected any

Pennsylvania resident in 2006. Applying the reasoning of Bush and Marten, there

is consequently no other way to put it -- if this Court lacked jurisdiction over

the officer defendants in Bush under Calder test analysis, then it can not

possibly conclude, consistent with such precedents, that it may exercise Calder

jurisdiction over Movant Stum. Again, this action should therefore be dismissed,

with prejudice, as it pertains to him.

CONCLUSION

    31.   This case is plainly distinguishable from others where the Court may

have found Calder jurisdiction over a non-resident of Pennsylvania, e.g., where

a company intentionally launched into the stream of commerce in Pennsylvania a

defective product, or where a business near the state line generated pollution

or waste that it should have reasonably foreseen would migrate over the line and

harm a Pennsylvanian. Taken to its logical extreme, Plaintiff's liability theory

-- even if not time-barred -- would permit this Court to exercise in personam

jurisdiction over any person who ever was found in possession of even one single

BRIEF - P. 14

illicit image of her anywhere in the United States, or for that matter, anywhere
in the world. Whatever the precise extent of due process, its boundaries cannot
be constitutionally stretched to overreach so far, so tenuously.

WHEREFORE, PREMISES CONSIDERED, Movant Stum prays that this Court grant the
Dismissal Motion and cause Plaintiff's action against him to be dismissed, with
prejudice, in all respects to him, and for all other and furtther relief to which
he is entitled.

RESPECTFULLY SUBMITTED on this the 17'th day of December, 2013, by:

Douglas M Stum

Douglas Michael Stum, Pro Se
DEFENDANT, Individually and solely
on behalf of his own interests

Register No. 83181-180
FCI Yazoo City (Low), Unit A-2
P.O. Box 5000
Yazoo City, MS 39194

## CERTIFICATE OF FILING & SERVICE

I HEREBY CERTIFY that, on or before December 18th, 2013, I timely filed the
foregoing Memorandum Brief with the Clerk of this Court:

Michael E. Kunz, Clerk
U.S.D.C., Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1741

by delivering the original thereof to the staff member at FCI Yazoo City (Low)
responsible for accepting same for mailing to the District Court, pursuant to
the "prison mailbox rule". Young v. Beard, et al., 2009 U.S. Dist. LEXIS 87249
(M.D. Pa. 2009)(citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)).

I HEREBY FURTHER CERTIFY that, on the same date, I caused a true and correct
copy of such Brief to be served, via first-class U.S. mail, postage prepaid, upon
Plaintiff's designated lead counsel: Michael A. Ferrara, Jr.; The Ferrara Law
Firm, LLC; 1500 JFK Blvd., Suite 1020; Philadelphia, PA 19102.

CERTIFIED on this the 18th day of December, 2013, by:

Douglas M Stum

Douglas M. Stum, DEFENDANT, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,                        )
    Plaintiff,                   )          Civil Action Case
                    v.   )
ALAN HESKETH, et al.,            )          No. 13-4935
    Defendants.                  )

PRO SE DEFENDANT DOUGLAS MICHAEL STUM'S
DECLARATION UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. § 1746,
IN SUPPORT OF MOTION TO DISMISS, WITH PREJUDICE, UNDER FRCP RULE 12

I, DOUGLAS MICHAEL STUM, in lieu of submitting an affidavit, hereby STATE,
CERTIFY and DECLARE the following:

1.    "My name is Douglas Michael Stum. Jane Doe, f/k/a Masha Allen (the
"Plaintiff") has named me as one of the defendants in the above-styled action.
I am over the age of 18, I am of sound mind, and I am otherwise competent to
make this Declaration in support of the Motion To Dismiss, With Prejudice,
Pursuant To FRCP Rule 12 ("Dismissal Motion") contemporaneously filed herewith.

2.    "This Declaration is made based on my personal knowledge, information
and belief, and on matters of available public record.

3.    "Plaintiff has sued me not only in my individual capacity, but also
as an alleged representative of a putative class. I am a federal prisoner who
has no email privileges or other means of electronically accessing the Court or
parties' counsel, the only legal research resources available to me at FCI Yazoo
City is a server-based (non-Internet connected) LEXIS database that does not
allow for "real-time" case precedent updates, and I cannot accept incoming calls
from any person involved in this matter. Further, I liquidated most of my assets
prior to my federal sentencing to partially pay preexisting valid debts, I have
earned de minimus prison income as an education tutor, and I still owe various
creditors nearly $100,000; consequently, I am appearing in this action pro se
because I cannot afford counsel to represent my interests or anyone else's.

1

DECL. - P. 2

4.   "BACKGROUND: I was the defendant in criminal case No. A-07-CR-027(1) in the U.S. District Court, Western District of Texas, Austin Div. (the "Criminal Court"). The docket for that case and the public records reflected therein show the following beyond any reasonable dispute: (a) on or about June 23, 2006, the FBI executed a search warrant on my then-residence and siezed various electronic media, terminating my underlying offense; (b) on or about February 22, 2007, the Department of Justice ("DOJ") caused the FBI to arrest me several days after it had filed charges for two counts of possessing certain illegal images pursuant to an indictment; (c) on or about April 25, 2007, I pled guilty to the first of those counts; and (d) on or about August 13, 2007, the Criminal Court entered a Judgment imposing the sentence I am now serving.

5.   "Plaintiff contends, inter alia, that: (a) she was the subject of one or more of the images siezed on my media; (b) that some but not all of the images created of her originated in Pennsylvania; (c) that she is currently a resident of Pennsylvania and was twenty years old on the Complaint's filing date; and (d) that the DOJ notified her at the time it filed charges against me that my media had on it the image(s) of her. See Plaintiff's Complaint, passim.

6.   "I am told by my parents that, when I was a small child approximately four or five years old, they took me on a brief trip to Philadelphia to visit distant relatives. I do not recall any memory of that trip. Aside from that lone instance occurring nearly a half-century ago, I have never been physically present anywhere in Pennsylvania. I have never owned real property or other assets located in that state. I have never conducted business transactions with other persons in or from that state. I have never knowingly communicated with any Pennsylvania resident about the subject matter of my Internet activities.

7.   "At this initial stage of Plaintiff's action, I do not recall whether in 2006 I possessed her image(s). Presuming that to be true solely for Rule 12

DECL. - P. 3

purposes: (i) I did not know -- and had no reason to know -- when I possessed such image(s) that the subject thereof lived in Pennsylvania, that they originated there, or that they were first disseminated from there; (ii) in acquiring such possession, I did not knowingly deal with anyone I knew or had reason to know was in or from Pennsylvania; and (iii) until I received Plaintiff's Complaint, I had no reason to know that such image(s) had any connection to the forum of Pennsylvania.  In short, at no time during my life prior to being served with the Complaint did I have any reason to know that I had any connection to the state of Pennsylvania as a forum.

8.  "In particular, at no time prior to receipt of the Complaint did I know or have reason to know that the brunt of any harm caused by my having possessed the image(s) would be borne by a Pennsylvania resident, and I never knowingly and expressly targeted any activity -- tortious or otherwise -- at that state.

9.  "Due to the circumstances of my incarceration, I cannot personally attend any hearing the Court might deem necessary to the Dismissal Motion's disposition; however, FCI Yazoo City can facilitate my telephonic participation at the Court's direction, in light of my status as a pro se party.

10.  "I hereby STATE, CERTIFY and DECLARE, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief."

FURTHER DECLARANT SAYETH NAUGHT.

EXECUTED on this the _12th_ day of December, 2013, by:

Douglas Michael Stum, Pro Se
DEFENDANT, Individually and solely
on behalf of his own interests