1 ALBERT NOAH ABRAMS
  In Pro Per
2 BOP Register No. 62429-112
  FCI Lompoc
3 3600 Guard Road
  Lompoc, CA 93436
4

5 ALBERT NOAH ABRAMS Defendant in Pro Per

6

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

10

11 JANE DOE F/K/A Masha Alle, the victim in )   Civil Action File No.: 2:13-cv-04935-SD
   the "Disney Girl" or "Internet Girl" Child )
12 Pornography Series, )
                                              )
13                 Plaintiff, )
   vs.                                        )
14                                             )   ALBERT NOAH ABRAMS ANSWER TO
   ALAN HESKETH, RICHARD CARINO,              )   THE CLASS ACTION COMPLAINT
15 GEORGE ELIOT KABACY, MATTEW,                )
   ALAN MANCUSO, DAN W. JOACHIM,               )
16 RAINER GEROW, DOUGLAS MICHAEL               )
   STUM, RICHARD SCHEIRING, CHARLES            )
17 LINDAUER, JOSEPH MARCUS, WILLIAM            )
   GEORGE GAMMON, STEPHEN JABBOUR,             )
18 ALBERT NOAH ABRAMS, and MAYER               )
   FINKELSTEIN, sued in their individual      )
19 capacities and as representatives of a class of )
   persons similarly situated,                 )
20                                             )
                   Defendant(s) )
21                                             )

22

23     Comes now, Defendant, ALBERT ABRAMS, an individual(hereinafter "ABRAMS"),

24 pursuant to the applicable laws of state of Pennsylvania, hereby files his Answer and Affirmative

25 defenses to Plaintiff's complaint and states as follows:

26                            **GENERAL DENIAL**

27     Defendant generally denies each and every allegation of Plaintiff's Complaint.

28

                                      1

**SPECIFIC DENIALS**

1. ABRAMS lacks sufficient knowledge as to the allegations in paragraph One of the complaint.

2. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Two of the complaint.

3. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Three of the complaint.

4. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Four of the complaint.

5. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Five of the complaint.

6. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Six of the complaint.

7. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seven of the complaint.

8. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Eight of the complaint.

9. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Nine of the complaint.

10. ABRAMS lacks sufficient knowledge as to the allegations in paragraph ten of the complaint.

11. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Eleven of the complaint.

12. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twelve of the complaint.

13. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirteen of the complaint.

14. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fourteen of the

complaint.

15. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifteen of the complaint.

16. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixteen of the complaint.

17. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventeen of the complaint.

18. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Eighteen of the complaint.

19. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Nineteen of the complaint.

20. ABRAMS lacks sufficient knowledge as to the allegations in paragraph twenty of the complaint.

21. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty One of the complaint.

22. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Two of the complaint.

23. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Three of the complaint.

24. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Four of the complaint.

25. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Five of the complaint.

26. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Six of the complaint.

27. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Seven of the complaint.

28. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Eight of the

3

1  complaint.
2  29.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Twenty Nine of the
3  complaint.
4  30.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty of the
5  complaint.
6  31.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty One of the
7  complaint.
8  32.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Two of the
9  complaint.
10 33.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Three of the
11 complaint.
12 34.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Four of the
13 complaint.
14 35.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Five of the
15 complaint.
16 36.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Six of the
17 complaint.
18 37.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Seven of the
19 complaint.
20 38.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Eight of the
21 complaint.
22 39.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Thirty Nine of the
23 complaint.
24 40.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty of the
25 complaint.
26 41.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty One of the
27 complaint.
28 42.  ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Two of the

1. complaint.
2. 43. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Three of the complaint.
3. 44. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Four of the complaint.
4. 45. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Five of the complaint.
5. 46. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Six of the complaint.
6. 47. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Seven of the complaint.
7. 48. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Eight of the complaint.
8. 49. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Forty Nine of the complaint.
9. 50. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifty of the complaint.
10. 51. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifty One of the complaint.
11. 52. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifty Two of the complaint.
12. 53. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifty Three of the complaint.
13. 54. Admit.
14. 55. Admit.
15. 56. Admit.
16. 57. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifty Seven of the complaint.

58. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifty Eight of the complaint.

59. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Fifty Nine of the complaint.

60. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty of the complaint.

61. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty One of the complaint.

62. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Two of the complaint.

63. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Three of the complaint.

64. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Four of the complaint.

65. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Five of the complaint.

66. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Six of the complaint.

67. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Seven of the complaint.

68. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Eight of the complaint.

69. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Sixty Nine of the complaint.

70. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy of the complaint.

71. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy One of the complaint.

72. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy Two of the complaint.

73. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy Three of the complaint.

74. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy Four of the complaint.

75. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy Five of the complaint.

76. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy Six of the complaint.

77. ABRAMS lacks sufficient knowledge as to the allegations in paragraph Seventy Seven of the complaint.

## AFFIRMATIVE DEFENSES

As an additional response, ABRAMS asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
#### Lack of Subject Matter Jurisdiction

1. This Court lacks subject matter jurisdiction on the face of Plaintiff's pleadings pursuant to Federal Rule of Civil Procedure 12(b)(2).

2. This Court lacks personal jurisdiction over Defendant, also pursuant to Federal Rule of Civil Procedure 12(b)(2).

3. This Court is the improper venue for this case, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b). Defendant, however, reserves his right to argue venue pending the resolution of the Court's determination of whether it has personal jurisdiction over him.

4. Dismissal of the Complaint, with prejudice, is therefore warranted.

5. Because Plaintiff has failed to properly provide a statutory basis to establish subject matter jurisdiction in this case, the cause of action should be dismissed against Defendant ABRAMS.

6. **Lack of Personal Jurisdiction:** Defendant again reiterates that he possesses no information to suggest that he possessed or received images of Plaintiff. Regardless, this Court cannot exercise

1 | personal jurisdiction over Defendant. To establish a prima facie case of personal jurisdiction, a
2 | plaintiff must demonstrate a sufficient nexus between the defendant and the forum state. Miller
3 | Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). To that end such, a federal court sitting
4 | in Pennsylvania has jurisdiction over parties to the extent permitted by Pennsylvania law. Bush v.
5 | Adams, 2008 U.S. Dist. LEXIS 101649 *24 (E.D. Pa. 2008) (citing Kehm Oil Co. v. Texaco, Inc.,
6 | 537 F.3d 290, 299 (3rd Cir. 2008). The Due Process Clause of the Fourteenth Amendment requires
7 | that nonresident defendants have "certain minimum contacts with [the forum state] such that
8 | maintenance of the suit does not offend traditional notions of fair play and substantial justice."
9 | Kehm Oil, 537 F.3d at 299-300.
10 | 7. Personal jurisdiction is comprised of two categories: general jurisdiction and specific jurisdiction.
11 | Bush, 2008 U.S. Dist. LEXIS at *25. Generally speaking, the central inquiry for
12 | general jurisdiction "is whether a defendant has maintained systematic and continuous contacts with
13 | the forum state." Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-
14 | 15 (1984)). Generally speaking, the central inquiry for specific jurisdiction is whether the defendant
15 | purposefully directed his activities at the forum, whether the plaintiff's claim arises out of or relates
16 | to those activities, and whether the assertion of jurisdiction comports with fair play and substantial
17 | justice. Id. (citing O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007).
18 | Plaintiff cannot claim that either general or specific jurisdiction exists in the instant case, regardless
19 | of whether Defendant possessed or received images of her.
20 | 8. When it comes to individuals, however, general jurisdiction in the Commonwealth of
21 | Pennsylvania is governed by 42 Pa. C.S.A. §§ 5301(a)(1). This statute limits general jurisdiction
22 | over three individuals only in three circumstances: Presence in the Commonwealth at the time when
23 | process is served; Domicile in the Commonwealth at the time when process is served; and Consent,
24 | to the extent authorized by the consent. Bush, 2008 U.S. Dist. at *26-27. None of these
25 | circumstances apply to Defendant ABRAMS: he was not present in the Commonwealth when he
26 | was served, he did not live in the Commonwealth when he was served, and he does not and has not
27 | consented to jurisdiction. Therefore, "there is no need for the Court to consider whether [Defendant
28 | has] sufficient 'continuous and systematic' contacts with Pennsylvania for the exercise of

1. jurisdiction to comport with due process. There is no general jurisdiction here over [Defendant]." Bush, 2008 U.S. Dist. at *27-28.

9. This leaves specific jurisdiction as the only basis upon which Plaintiff can claim personal jurisdiction in this court. Specific jurisdiction is governed by 42 Pa. C.S.A. § 5322, which authorizes personal jurisdiction over persons outside Pennsylvania "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact" with Pennsylvania allowed by the Constitution. Bush, 2008 U.S. Dist. at *28 (citing section 5322(b); Kehm Oil, 537 F.3d at 299-300).

10. To determine whether specific jurisdiction exists the Court will look at three things: first, whether the defendant purposely availed himself of the privilege of conducting activities in the forum; second, whether the litigation arises out of or relates to at least one of the activities that the defendant purposefully directed at the forum; and third, whether the exercise of jurisdiction comports with fair play and substantial justice.

11. The first two components do not apply in this case. Regarding the first component, Defendant, who—again, it must be stressed—denies that he possessed or received images of Plaintiff, cannot be said to have purposefully directed his activities at the forum, such that it could be said to have "deliberately target[ed]" it. O'Connor, 496 F.3d at 317. Defendant was a passive possessor and receiver of child pornography (in other words, he was not a distributor) and he did not deliberately target Pennsylvania as a source or target of child pornography. Indeed, the nature of child pornography on the internet makes it virtually impossible to determine the source location of the files. Regarding the second component, because Defendant did not make a "purposeful contact with a forum," he has not tacitly become subject to the forum's laws. Id. at 323. Put simply, Plaintiff has failed to plead facts to support a conclusion that Defendant had any reason to anticipate that he could be subject to jurisdiction in the Eastern District of Pennsylvania solely to the alleged possession of potentially only one image which may or may not have been created in Pennsylvania.

12. The Calder effects test (named for Calder v. Jones, 465 U.S. 783 (1984)) likewise does not confer subject matter jurisdiction in the instant case. This test establishes personal jurisdiction by demonstrating: that the defendant committed an intentional tort; that the plaintiff felt the brunt of

9

1 the harm form the tort in the forum so that the forum could be said to be the "focal point" of the
2 plaintiff's harm; and that the defendant "expressly aimed" his tortious conduct at the forum such
3 that the forum can be said to be the focal point of the tortious activity and knew that the plaintiff
4 would suffer the brunt of the harm caused by his tortious conduct in the forum. Bush v. Adams, U.S.
5 Dist. LEXIS 101649, *31 (E.D. Pa. 2008) (citing IMO Indus. v. Kiekart AG, 155 F.3d 254, 265-66
6 (3d Cir. 1998).

7 13. This test fails for Plaintiff as well. As repeatedly argued, Defendant is without information to
8 suggest that he possessed or received images of Plaintiff. It cannot be said, therefore, that he
9 committed an intentional tort against Plaintiff. Even if it were to be established that Defendant
10 committed an intentional tort against Plaintiff, and even if it were established that the Eastern
11 District of Pennsylvania is the "focal point" of the harm, Plaintiff has still failed to plead the crucial
12 third prong of the Calder effects test: that Defendant expressly aimed his conduct to the Eastern
13 District of Pennsylvania and that he *knew* that the Plaintiff would suffer the brunt of the harm in that
14 forum. Put simply, "[a]bsent evidence of 'specific activity indicating the defendants 'expressly
15 aimed' their conduct at Pennsylvania, the District Court [does] not have jurisdiction." Bush, U.S.
16 Dist. LEXIS at *37 (citing Marten v. Godwin, 499 F.3d 290, 299 (3d Cir. 2007) and IMO Indus.,
17 155 F.3d at 256).

18 14. Plaintiff has not provided and cannot provide evidence that Defendant expressly aimed any
19 conduct at Pennsylvania. The Third Circuit determined that the Calder effects test was not satisfied
20 in Marten, even though the defendants in Marten knew the plaintiff resided in Pennsylvania and the
21 defendants sent a letter addressed to him at his Pennsylvania address. Where personal jurisdiction
22 was not found in Marten and Bush, it likewise cannot be found in Defendant ABRAMS' case.

23 15. **Lack of Venue:** As noted, Defendant reserves his right to make arguments regarding the lack of
24 proper venue pending the resolution of the Court's determination regarding personal jurisdiction
25 over Defendant.

26 **SECOND AFFIRMATIVE DEFENSE**
27 (No Cause of Action Stated)
28 As and for a first and separate Affirmative Defense, ABRAMS alleges that Plaintiff's Cross-

10

petition fails to state facts sufficient to constitute a cause of action against ABRAMS.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

As and for a second and separate Affirmative Defense, ABRAMS alleges that as a result of Plaintiff's actions, Plaintiff is estopped from asserting some or all of the relief to which it might be otherwise entitled, if any, under the Complaint and each allegation which forms the basis of the Complaint, and therefore is barred from any recovery from ABRAMS.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver)

As and for a third and separate Affirmative Defense, ABRAMS alleges that Plaintiff has waived any rights that it may have to proceed against ABRAMS.

### FIFTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

As and for a fourth and separate Affirmative Defense, ABRAMS alleges that the Complaint, or Plaintiff's recovery thereunder, if any is due, is barred by the doctrine of equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

(Apportionment)

As and for a sixth and separate Affirmative Defense, ABRAMS alleges that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or by Plaintiff. Accordingly, the liability of ABRAMS and responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of ABRAMS should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

As and for a seventh and separate Affirmative Defense, ABRAMS alleges that the Complaint does not contain sufficient detail from which to determine whether some or all of Plaintiff's claims are barred by applicable statutes of limitations

## EIGHTH AFFIRMATIVE DEFENSE

(Undiscovered Affirmative Defenses)

As and for an eighth and separate Affirmative Defense, ABRAMS alleges that ABRAMS has insufficient knowledge or information upon whether he has additional, as yet unstated, affirmative defenses, and thereupon reserve the right to assert additional affirmative defenses herein in the event discovery indicates that additional affirmative are appropriate.

WHEREFORE, ABRAMS prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint on file herein,
2. For ABRAMS' reasonable costs of suit; and
3. For such other and further relief as the Court may deem just and proper.

Dated: January 13, 2014

*[signature]*

ALBERT NOAH ABRAMS Defendant in Pro Per

12

ALBERT NOAH ABRAMS ANSWER TO THE CLASS ACTION COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 11733 Victory Boulevard, North Hollywood, CA 91606.

On 1/14/ 2014, I faxed and/or mailed the foregoing document(s) described as:

**ANSWER TO THE CLASS ACTION COMPLAINT**

**BY PERSONAL DELIVERY:**
[ ] I delivered such envelope by hand to the following persons at the following address:
**BY FAX:**
[ ] By faxing true copies thereof to the attorneys listed below:
**BY MAIL:**
[x] By placing [] the original [X] a true copy thereof enclosed in a sealed enveloped addressed as follows:

The Ferrara Law Firm, LLC;
1500 JFK Blvd., Suite 1020
Philadelphia, PA 19102

[X] I deposited such envelope(s) in the mail at North Hollywood, CA with postage thereon fully prepaid;
[X] I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at our business address in North Hollywood, CA. The above envelope(s) was/were sealed and placed for collection and mailing on that date following ordinary business practices.

**EXECUTED ON:** 1/14/ 2014, at North Hollywood, CA.

[X] **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
[ ] **FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*Ingred Mell* (signature)
Ingred Mellman