IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, f/k/a Masha Allen, the Victim in The "Disney World Girl" or "Internet Girl" Child Pornography Series,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN HESKETH, RICHARD CARINO, GEORGE ELIOT KABACY, MATTHEW ALAN MANCUSO, DAN W. JOACHIM, RANIER GEROW, DOUGLAS MICHAEL STUM, RICHARD SHEIRING, CHARLES LINDAUER, JOSEPH MARCUS, WILLIAM GEORGE GAMMON, STEPHEN JABBOUR, ALBERT NOAH ABRAMS, and MAYER FINKELSTEIN, sued in their individual capacities and as representatives of a class of persons similarly situated,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 13-4935<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF'S PROPOSED SCHEDULE
FOR DISCOVERY AND CLASS CERTIFICATION

Pursuant to the Court's Order entered January 17, 2014, Plaintiff Jane Doe hereby submits her views regarding discovery and class certification.

I.   **General Remarks Concerning Discovery in this Action.**

Discovery in this case falls into several overlapping categories, each of which presents issues particular to this case that will affect the discovery schedule.

**First**, several Defendants have filed motions to dismiss for alleged lack of personal jurisdiction. As set forth more fully in Plaintiff's responses to these motions, Third Circuit precedent directs that jurisdictional discovery be taken in these circumstances. *Toys "R" Us, Inc., et al. v. Step Two, S.A., et al.*, 318 F.3d 446, 456 (3d. Cir. 2003). This discovery necessarily will concern the nature, timing, and extent of the online activities by which Defendants distributed and/or received unlawful child pornography, including but not limited to illegal images of Plaintiff. The required jurisdictional discovery therefore will overlap significantly with merits and class discovery as to the individual Class Representative Defendants named in the Complaint. In the interest of efficiency, and to preclude multiple rounds of written discovery and depositions, Plaintiff requests that the facts concerning personal jurisdiction, class certification, and the merits of Plaintiff's claims all be investigated in one concurrent period of fact discovery.

**Second**, due to the nature of the claims at issue, fact discovery will involve not only the usual written discovery and depositions of the Defendants, but also significant third-party discovery from governmental and quasi-governmental agencies such as the United States Attorney's offices that prosecuted the Defendants; the Federal Bureau of Investigation; the Immigration and Customs Enforcment service of the Department of Homeland Security; and the National Center for Missing and Exploited Children, which are in possession of evidence

concerning the relevant actions of one or more of the Defendants.  In addition to the delays inherent in dealing with these busy agencies, Plaintiff expects that the fact that most of the Defendants are incarcerated will create a certain amount of delay in completing written discovery and depositions.  Plaintiff therefore believes that the initial fact discovery period should last a minimum of six months.

**Third**, the class of unnamed Defendants in this matter numbers approximately 2500 and, unfortunately, continues to grow.  Plaintiff's motion for class certification will require taking third-party discovery from the Bureau of Prisons, the Department of Justice, and state and local agencies that operate sex-offender registration programs, among other things, to locate current addresses for as many class members as possible for purposes of providing adequate notice to the class.  Plaintiff will conduct this discovery concurrently with discovery as to the named Class Representative Defendants, to the extent possible.

**II.     Proposed Discovery Schedule**

With some exceptions, Plaintiff generally concurs with the schedule for discovery and class certification proceedings proposed by counsel for Defendant Stephen Jabbour.  Plaintiff proposes that the following elements be incorporated into an appropriate scheduling order to govern discovery:

- An initial six-month period of fact discovery as to the named parties shall begin thirty days after the Court resolves Defendants' pending dispositive motions;

- The parties shall identify expert witnesses for trial and shall serve expert reports no later than the last day of the initial six-month fact discovery period;

- A two-month period of expert discovery will commence on the last day of the initial six-month fact discovery period;

- Discovery with regard to unnamed class members shall run concurrently with fact and expert discovery, for a total of eight months;

- Plaintiff shall file her Motion for Class Certification thirty days after the conclusion of the eight-month discovery period;

- Defendants shall have a period of thirty days after filing of the Motion for Class Certification within which to file any opposition to said Motion;

- Plaintiff shall file her Reply Memorandum in support of class certification within 14 days after the filing of Defendants' opposing memoranda.

This 7th day of February, 2014.

        *s/ Michael A. Ferrara*
        Michael A. Ferrara
        Pa. Bar No. 16035
        THE FERRARA LAW FIRM, LLC
        1500 JFK Boulevard, Suite 1020
        Philadelphia, PA 19102
        Telephone: (877) 655-3425
        Facsimile: (856) 661-0369
        E-mail: mferrara@ferraralawfirm.com

        Darren Summerville
        Georgia Bar No. 691978
        Leighton Moore
        Georgia Bar No. 520701
        SUMMERVILLE MOORE, PC
        400 Colony Square, Suite 1900
        1201 Peachtree Street, N.E.
        Atlanta, GA 30361
        Telephone: (770) 635-0030
        Facsimile: (770) 635-0029
        E-mail:darren@summervillemoore.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document upon all parties to this litigation, by (1) electronically filing same with the Court, and thus causing electronic service to be performed upon all parties registered for electronic filing; and (2) mailing copies of the document to the following:

>John T. Floyd III
>Christopher M. Choate
>THE JOHN T. FLOYD LAW FIRM
>The Kirby Mansion
>2000 Smith Street
>Houston, Texas  77002
>
>Albert Noah Abrams
>Reg. No. 62429-112
>FCI Lompoc
>3600 Guard Road
>Lompoc, CA 93426
>
>Richard Scheiring
>10279-059
>Housing Unit 5741
>FCI Fort Dix
>P.O. Box 2000
>Fort Dix, NJ 08640
>
>Samuel Braverman
>Fasulo Braverman & Dimaggio LLP
>225 Broadway Suite 715
>New York, NY 10007

This 7th day of February, 2014.

>*s/ Michael A. Ferrara*
>Michael A. Ferrara

6