IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, f/k/a MASHA ALLEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALAN HESKETH, et al. | : | NO. 13-4935 |

<u>ORDER</u>

AND NOW, this 15th day of September, 2014, upon consideration of plaintiff

Jane Doe's answer to our April 30, 2014 Order to show cause (docket entry # 90), as well as

responses from defendants Stephen Jabbour and Michael Stum, and defendants Richard

Scheiring, William George Gammon and Joseph Marcus's motions to dismiss for lack of

jurisdiction (docket entries ##37, 48, 89 and 95), and the Court finding that:

(a)     On April 25, 2014, we granted three motions to dismiss by out-of-state

defendants over whom we lack personal jurisdiction, as a result of which we ordered the parties

to show cause why we should not proceed in this matter with only defendants from the forum

state rather than issue an order scheduling proceedings relating to class certification, <u>see</u> <u>Doe v.</u>

<u>Hesketh</u>, -- F. Supp. 2d --, 2014 WL 1661160 (E.D.Pa. Apr. 25, 2014);

(b)     On May 12, 2014, the plaintiff responded that her "current intention is to

sue the dismissed out-of-state defendants (and possibly others) in their resident states and then

seek a transfer of the individual cases to a centralized district pursuant to the multidistrict

litigation statute, 28 U.S.C. § 1407," Pl. Resp. at 3;

(c)     Doe states that she "is not certain whether she will move to transfer the

individual actions to the Eastern District of Pennsylvania or to some other district for

proceedings under 28 U.S.C. § 1407," <u>id.</u>, as a result of which her "putative class action may no

longer be before this Court or this district," <u>id.</u>;

(d)     She also does not oppose dismissal without prejudice on personal jurisdiction grounds of out-of-state defendants Jabbour, Stum and Scheiring, who have filed motions to dismiss, id. at 4-5, and we will grant Jabbour, Stum and Scheiring's motions to dismiss;

(e)     But Doe contends that the remaining out-of-state defendants (whom she identifies as Hesketh, Carino, Gerow, Kabacy and Gammon)[1] have failed to respond to her complaint or first amended complaint and thereby have waived any defense of lack of personal jurisdiction, so she will seek entry of a default judgment against each of them, id. at 6;[2]

(f)     In the alternative, should we find that we do not have personal jurisdiction over these defendants, Doe asks us that we dismiss without prejudice and make no rulings regarding class certification issues, id. at 7;

(g)     As to defendant Matthew Alan Mancuso, a pro se Pennsylvania resident who has not answered the complaint, Doe asserts we have personal jurisdiction and she will seek a default judgment, id. at 7;

(h)     Doe also "moves to stay the proceedings as to" defendant Joseph Marcus, a Pennsylvania resident now represented by counsel who has filed a pro se motion to dismiss that Doe contests, "pending the filing of individual actions against each of the out-of-state [d]efendants in their resident states and the transfer of these actions for consolidated pretrial proceedings under 28 U.S.C. §1407," id.;

---

[1] Defendant Abrams answered Doe's original complaint, but not her amended complaint, by asserting, inter alia, a defense of lack of personal jurisdiction and we will therefore include him among the out-of-state defendants we consider in this Order.

[2] We observe that the Clerk of Court must enter default pursuant to Rule 55(a) before a party may apply to the Court for a default judgment under Rule 55(b)(2), and Doe has not entered default against any defendant in the four months that have elapsed since her response to our Order to show cause.

(i)     Therefore, the issues before us distill to this:  Whether we have personal jurisdiction over the remaining out-of-state defendants; whether we have personal jurisdiction over a non-responsive in-state defendant; and, as to a responding defendant over whom we have personal jurisdiction, whether we may stay an action when the plaintiff states she contemplates filing a multidistrict litigation or consider his motion to dismiss, and we will address each in turn;

(j)     As a threshold matter, we note that Doe identified defendant Gammon as one of the nonresponsive out-of-state parties, but he filed an unopposed motion to dismiss several days after Doe responded to our Order to show cause in which he asserts that we lack personal jurisdiction over him because the events Doe alleges with respect to him occurred in Texas, Gammon MTD at 2;[3]

(k)     In our April 25, 2014, opinion, we held we lacked personal jurisdiction over three out-of-state defendants because they had not (1) availed themselves of the privilege of conducting activities in the Commonwealth and therefore had no minimum contact here; (2) expressly aimed their tortious conduct at the Commonwealth such that this forum could be said to be the focal point of their tortious activity under the "effects" test; (3) operated an interactive

---

[3] Gammon filed his motion to dismiss on May 27, 2014, two and a half months after Doe filed her first amended complaint.  We will accept his motion, however untimely, because Rule 12, which governs defenses, is silent on the question of waiver outside the period specified in Rule 12(a).  See Fed. R. Civ. P. 12(a) and (h); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, (3d ed. updated April 2014) (cautioning against "an overly strict interpretation of the language of Rule 12(a) and Rule 12(h)(1)[:]  The former provision only deals with the time at which the pleading must be served and is silent on the question of waiver. The latter provision does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served. There do not appear to be any recent cases applying the Rule 12(a) benchmark for waiver.").

website that targeted the Commonwealth by knowingly interacting with state residents through that site under the sliding-scale test; or (4) been aware of substantial acts within the Commonwealth in furtherance of a conspiracy, and we dismissed all three out-of-state defendants;

(l)      The allegations against Gammon suffer the same pleading deficiencies, see AC at 22, because Doe alleges that his last known address prior to his incarceration was Houston, Texas, and alleges nothing that meets any of the jurisdictional tests we may apply, and, accordingly, we will dismiss defendant Gammon;

(m)      In a similar vein, defendant Abrams asserted that we lack personal jurisdiction over him when he answered Doe's original complaint (he failed to answer her amended complaint), see docket entry # 29, and as Doe failed to supplement her allegations that Abrams's last known address prior to his incarceration was Los Angeles, California and alleged nothing in her amended complaint to meet the jurisdictional tests, we will also dismiss defendant Abrams;

(n)      Turning to the remaining nonresponsive out-of-state defendants, we find identical shortcomings with respect to Hesketh,[4] Carino, Gerow and Kabacy, that is, Doe has not supplemented her allegations of Hesketh's last known address in Stonington, Connecticut; or Carino's Port St. Lucie, Florida address; or Gerow's Hamburg, New York address; or Kabacy's Olympia, Washington address with anything that falls under our applicable personal-jurisdiction tests;

(o)      Accordingly, we have no choice but to dismiss out-of-state defendants Hesketh, Carino, Gerow and Kabacy because we lack personal jurisdiction over them;

---

[4] Indeed, it does not appear that Hesketh was ever served with the first amended complaint, see docket entry for 3/26/2014.

4

(p)     As to defendant Matthew Alan Mancuso, a nonresponsive pro se Pennsylvania resident against whom Doe states she will seek entry of a default judgment, we observe that the Clerk of Court must enter default pursuant to Rule 55(a) before a party may apply to the Court for a default judgment under Rule 55(b)(2), and Doe has not entered default against Mancuso in the four months that have elapsed since her May 12, 2014 response to our Order to show cause;

(q)     Further, it is well-settled that a party is not entitled to a default judgment as of right, but rather we must exercise our discretion on the entry of default judgment, after the movant's application and any notice to the defaulter, 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, §2685 n. 3; see also Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co, 189 F.2d 242, 244 (3d Cir. 1951) (concluding that the decision to enter judgment by default is left to the sound discretion of the trial court));

(r)     If Doe's request for default is not filed by September 22, 2014, we will dismiss the case against Mancuso for lack of prosecution under Rule 41(b), which acts as an adjudication on the merits, see Fed. R. Civ. P. 41(b);[5]

(s)     Finally, we turn to Doe's motion to stay the proceedings as to defendant Joseph Marcus, a Pennsylvania resident represented by counsel but who filed his motion to dismiss pro se, pending her intended pursuit of a consolidated action before the Judicial Panel on Multidistrict Litigation;

(t)     Rule 62, which governs stay of proceedings, provides that "the court may

---

[5] By contrast, should Doe voluntarily dismiss her action against Mancuso, "the dismissal is without prejudice," Fed. R. Civ. P. 41(a)(1).  Doe may refile against him in the consolidated MDL action she contemplates.

stay the execution of a judgment -- or any proceeding to enforce it -- pending disposition of any

of the following motions:" a Rule 50 motion for judgment as a matter of law; a Rule 52(b)

motion to amend findings or for additional findings; a Rule 59 motion for a new trial or to alter

or amend a judgment; or a Rule 60 motion for relief of a judgment or order, see Fed. R. Civ. P.

62(b)(1)-(4);

     (u)  "The purpose of a stay or injunction, pursuant to Federal Rule of Civil

Procedure 62. . ., is to prevent a party's claim from being moot by preserving the status quo

pending an appeal," S.E.C. v. Janvey, 404 F. App'x 912, 916 (5th Cir. 2010) -- it is manifestly

not to freeze a litigation until a party gets its ducks in a row;

     (v)  We will deny Doe's motion for a stay and turn now to Marcus's pro se

motion to dismiss, which Doe contests;

     (w)  Doe alleges that "Joseph Marcus is a convicted felon. He pleaded guilty in

2010 to Possessing Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B)[6] offense and

was sentenced to 72 months in prison and 3 years supervised release.  As part of the conduct of

his offense, Marcus used the screen name spandexjim@yahoo.com to send and receive child

pornography over the Internet. In a search of his computer, the FBI found sexually explicit

images of girls who were estimated to be 18 months to 12 years of age, and [six] movie files of

adult males molesting prepubescent girls between the ages of 4 and 10[.]  Marcus's last known

---

[6] Section 2252(a)(4)(B)  provides a fine and imprisonment for anyone who "knowingly
possesses, or knowingly accesses with intent to view, [one] or more books, magazines,
periodicals, films, video tapes, or other matter which contain any visual depiction that has been
mailed, or has been shipped or transported using any means or facility of interstate or foreign
commerce or in or affecting interstate or foreign commerce, or which was produced using
materials which have been mailed or so shipped or transported, by any means including by
computer, if (i) the producing of such visual depiction involves the use of a minor engaging in
sexually explicit conduct; and (ii)  such visual depiction is of such conduct[.]"

address prior to his incarceration was in Eaton [sic], Pennsylvania[,]" FAC at ¶¶ 45-47;

      (x)    Marcus moves for dismissal because he argues Doe's allegations are facially insufficient: "[t]aking the allegations made in the [c]omplaint as true, [Doe] failed to allege that [he] is liable to her under 18 U.S.C. § 2255 for either actual or punitive damages," Mem. of Law at 2;

      (y)    He also argues she is not entitled to punitive damages under the statute, id. at 4;

      (z)    Further, Marcus also contends, without offering support, that Doe failed to commence this suit in a timely manner and that we lack personal jurisdiction over him, id. at 1, but as he does not elaborate any statute of limitations argument we will not dismiss on timeliness grounds;

      (aa)    As Doe's amended complaint was properly served, see docket entry #25, we have personal jurisdiction over him;

      (bb)    Finally, Marcus moves to strike the "irrelevant, prejudicial, scandalous, and inflammatory accusations, unsupported by the record" to which he objects, id. at 2 and 5;

      (cc)    Doe responds that (1) the Department of Justice has identified each defendant named in the complaint as having possessed her image; (2) the statute does not preclude punitive damages; and (3) the allegations that Marcus seeks to strike are necessary to her claim, Br. in Opp. at 2-3;

      (dd)    A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief, see Fed. R. Civ. P. 12(b)(6), see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005);

      (ee)    As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), in order to survive a Rule 12(b)(6)

motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face'," <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570);

      (ff)    Our Court of Appeals requires district courts considering a motion to

dismiss under Fed. R. Civ. P. 12(b)(6) to engage in a two-part analysis:

> First, the factual and legal elements of a claim should be separated.
> The district court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  Second, a
> district court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a 'plausible
> claim for relief'[,]

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009);

      (gg)    In deciding a motion to dismiss, all well-pleaded allegations of the

complaint must be taken as true and interpreted in the light most favorable to the plaintiff and all

inferences must be drawn in her favor, <u>see</u> <u>McTernan v. City of York, PA</u>, 577 F.3d 521, 526 (3d

Cir. 2009) (internal quotation marks omitted);

      (hh)    More to the point here, a claim is plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged," <u>Iqbal</u>, 556 U.S. at 678;

      (ii)    Doe offers Marcus's plea agreement, guilty plea and Doe's notification

through the Department of Justice Victim Notification System in support of her allegation that

defendant Marcus illegally possessed her image,[7] Br. in Opp. at 9-10, and we find these

allegations constitute sufficient factual content at the pleading stage to deny Marcus's motion to

dismiss;

---

[7] It is well-established that possession of child pornography is <u>per</u> <u>se</u> illegal, <u>see</u> <u>New York v.</u>
<u>Ferber</u>, 458 U.S. 747 (1982).

(jj)      As to punitive damages, Doe contends that 18 U.S.C. § 2255, also known as Masha's Law, does not foreclose punitive damages, and states in the alternative that she will amend her complaint to add a separate count under 18 U.S.C. § 2252A(f), which explicitly permits compensatory and punitive damages, or a claim for punitive damages under Pennsylvania law, Br. in Opp. at 15-17, <u>see</u> <u>also</u> 18 U.S.C. § 2252A(f);

(kk)     Although our Court of Appeals has not considered the issue, we do not agree with Doe's contention that exemplary damages are available under Masha's Law;

(ll)      Congress provided two statutory alternatives under which child-pornography victims may seek restitution: Under 18 U.S.C. § 2255, any such victim "shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value"; whereas 18 U.S.C. § 2252A specifically provides that "[i]n any action commenced [under this section], the court may award appropriate relief, including temporary, preliminary, or permanent injunctive relief; compensatory and punitive damages; and the costs of the civil action and reasonable fees for attorneys and expert witnesses[,]" <u>see</u> 18 U.S.C. § 2252A(f);

(mm)   As one law-review commentator explained, "The fact that Masha's law provides for minimum damages of $150,000 shows that Congress recognized the damage incurred by these victims and intended for victims to receive compensation without putting the burden on victims to prove every aspect of their financial loss," Jennifer Rothman, 17 Cardozo J.L. & Gender 333, 347 (2010-2011);

(nn)     "It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into

it," Meghrig v. KFC Western, Inc., 516 U.S. 479, 487 (1996) (internal citation omitted), and that principle seems especially on point where, as here, parallel statutes provide the plaintiff with a choice of remedies;

(oo)    The Sixth Circuit confronted a similar situation in Moreno v. Consolidated Rail Corp., where a plaintiff sought punitive damages under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which is silent as to that remedy, see 99 F.3d 782, 784 (6th Cir. 1996);

(pp)    In its decision concluding Section 504 did not provide for punitive damages -- cited with approval by our Court of Appeals[8] -- the Sixth Circuit considered, inter alia, the availability of punitive damages under Section 501 subject to a statutory cap of $300,000, see 42 U.S.C. §1981a (b)(3), and reasoned that "it would have made little sense for Congress to cap punitive damages under §501, but leave §504 unaltered [during successive amendments.]  A party against whom the federal government had discriminated in employment could have circumvented Congress' clear intent to limit punitive damages in such cases by pursuing his claim under §504, rather than §501. We doubt that Congress would have placed a limit on punitive damages that could so easily be avoided," id at 791 n. 5;

(qq)    As our Court of Appeals teaches in Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1169 (3d Cir. 1990) (internal citation and quotation marks omitted), "It is well settled that implied remedies are disfavored in the context of statutes that set out an expressly detailed remedial scheme.  The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement";

---

[8] See Doe v. County of Centre, PA, 242 F.3d 437, 457 (3d Cir. 2001).

(rr)    We find that 18 U.S.C. § 2255 and § 2252A constitute such a comprehensive legislative scheme and we therefore will not read into 18 U.S.C. § 2255 any implied remedy such as punitive damages;

(ss)    Finally, Doe argues that Marcus's motion to strike "scandalous matter" from her complaint has no merit, and we agree;

(tt)    To prevail in a motion under Rule 12(f), which permits us to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), Marcus must show that the challenged allegations are so unrelated to Doe's claims as to be "unworthy of any consideration," Johnson v. Anhorn, 334 F. Supp. 2d 802, 809 (E.D.Pa. 2004) (Brody, J.), and here, where the gravamen of Doe's complaint is that defendant Marcus and other child-porn viewers injured her, her allegations of the fear and apprehension she continues to suffer relate directly to that injury;

It is hereby ORDERED that:

1.    Defendant Scheiring's motion to dismiss is GRANTED;

2.    Defendant Gammon's motion to dismiss is GRANTED;

3.    Defendants Jabbour, Stum, Hesketh, Carino, Gerow, Abrams and Kabacy are DISMISSED for lack of personal jurisdiction;

4.    Defendant Jabbour's motion for reconsideration is DENIED AS MOOT;

5.    By noon on September 22, 2014, the plaintiff shall FILE a request for default against defendant Mancuso with the Clerk of Court or this action will be DISMISSED as to defendant Mancuso;

6.    Defendant Marcus's motion to dismiss is DENIED IN PART and GRANTED IN PART;

7.     Doe's motion for a stay of proceedings as to defendant Marcus is DENIED;

8.     By noon on October 20, 2014, Marcus and Doe shall COMPLETE discovery;

9.     By noon on October 27, 2014, the parties shall AGREE to a record;

10.     By noon on October 31, 2014, the parties shall SUBMIT motions for summary judgment, with responses (including a response to each enumerated statement of fact) due no later than noon on November 14, 2014;

11.     By noon on November 21, 2014, the parties may FILE any reply, not to exceed ten pages in length; and

12.     Further scheduling shall ABIDE the parties' submissions.

BY THE COURT:


/s/ Stewart Dalzell, J.